Cullen, J.
The covenant to pay the grantor at the rate of $40 a lot of 400 square feet, for all lots sold is valid. In the case of Bennet v. Culver, decided by me at Special Term, I held that the deed carried a present fee and yet was of opinion that this covenant was not invalid. It is in no sense a restriction upon alienation, for the whole deed shows that not only did both parties contemplate a sale of the land in cemetery lots, but it was only by such sale that the grantor could obtain pay for the lands granted. In fact, the covenant in this regard is a mere extension of credit for the purchase money to the grantee until it has been able to realize the money by a sale. But the decision made by me was reversed by the General Term and by the court of appeals. The latter court held (97 N. Y. 250) that the deed was merely an executory agreement, under which the grantee, upon complying with its covenants, could either sell *462 or itself acquire title. This disposes of any question as to the matter.
The provisions of the constitution (§§ 12 and 14, Art. l.)> relate to feudal tenures and grants of land. The principle of the common law that avoided covenants for payment of a portion of the purchase money on a sale of land or other restraint upon its alienation, proceeded on the theory that the grantor had no reversionary interest in the land after the grant of the fee. In a lease such provisions are unquestionably valid (De Peyster v. Michael, 5 N. Y. 468).
Under the construction of the deed adopted by the court of appeals, the grantors had far more than a reversion. They were not divested of either title or possession until compliance with the terms of the covenants. The covenant is absolute to pay at the rate of $40 a lot. It may be that the grantors are not interested in so much of the covenant as forbids sales at a less price than $80 per lot. However that may be, the defendant must pay the stipulated sum on a sale at whatever price it may sell for. If it cannot realize sufficient to pay the grantors, it must not sell.
. The covenant to pay three dollars for each and every grave opening, I think, should not be construed to include grave openings on lots sold, but only to cases where single graves are sold as distinguished from lots. I have very grave doubts whether such a provision, if construed to apply ■ to private lots, would be valid. It has been held by this court (Babnabd, P. J.,) that a by-law of a cemetery requiring monumental work to be done by designated workmen was void. There is no provision that any such provision or restriction should be inserted in the sales made by the cemetery. The deed provides that the-payments prescribed shall be made until all the lands are sold for cemetery purposes.
Therefore, when all the lots are sold, payments for grave opening would cease, even though interments would continue long afterwards. This shows that this payment was not to be made for interments in private lots. As already said, the defendant has no monopoly of grave digging *463 in the cemetery. It is unreasonable to suppose that it was to pay, when it might not do the work, or receive any pay or fee. I think the clause is well confined to the case of the sale of single graves.
Judgment for plaintiff with costs in accordance with this opinion.