## SOBEY v. BRISBEE.

1. **Statute of frauds:** CONTRACTS OF LEASE. Subdivision 4 of section 4007 of the Revision of 1860, has reference to the *duration* of the *term* of the lease, and not to the time of the performance of the contract, with reference to the date of making or entering into the same. Subdivision 5 of the same section does not apply to contracts for the creation or transfer of an interest in lands.

*Appeal from Dubuque District Court.*

MONDAY, FEBRUARY 5.

PLAINTIFF'S petition contains the following averments: On the first of February, 1864, defendant leased to plaintiff a farm for one year. Plaintiff took possession, and continued therein until in March, 1865. In August, 1864, a verbal lease was made for another year, or from February 1, 1865, to the same date in 1866, and in pursuance thereof plaintiff remained in possession. In February, 1865, defendant sold the farm, and his vendee ejected plaintiff by a summary proceeding before a justice of the peace, in consequence of which plaintiff sustained damages in the sum of, &c.

Defendant demurred, upon the ground that the contract relied upon was void under the statute of frauds. On the argument of this demurrer, it was admitted that the cause of action could not be established by the oath of defendant. The demurrer was overruled, and defendant appeals.

VOL. XX.—14

*Griffith & Knight* for the appellant, cited *Delano* v. *Montague,* 4 Cush., 42 ; Chitty's Cont. (9th Am. ed.), 74; *Peter* v. *Compton,* 1 Smith's Lead. Cas., 372 ; Taylor Land. & Ten., § 30.

*Wilson & Doud* for the appellee, cited *Young* v. *Dake,* 1 Seld. (N. Y.), 465.

WRIGHT, J.— Our statute declares that when any pleading shows affirmatively that its cause of claim should be evidenced by writing, according to the law of evidence, and that the same is not so evidenced, it may be assailed by demurrer. Rev., § 2963. And it is conceded by counsel that this case involves a construction of §§ 4006, 4007 and 4008, known as a part of our "statute of frauds." These sections declare, as far as material to be here noted, that no evidence, unless it be writing, is competent to establish the following contracts. *   *   * Subd. 4. "Those for the creation or transfer of any in lands except leases for a term not exceeding one year. 5. Those that are not to be performed within one year from the making thereof."

> *1. STATUTE OF FRAUDS: contract of lease.*

This contract was for a lease not exceeding one year, but it was not to be fully performed or executed within one year from the making thereof. Defendant insists that it comes within the fifth subdivision, and is therefore void because not to be fully performed within one year from its date. And he further insists that as it was for a term to commence *in futuro,* and not to be fully ended and terminated within one year from the time of making the same, it is void under the fourth subdivision.

In our opinion, the fifth subdivision was not intended to apply to contracts for the creation or transfer of an interest in lands. Such contracts are invalid, subject to the exceptions stated though to be performed within one year after

making the same. There is a large class of cases, as we know, to which this provision applies and which it was intended to meet, without including agreements in relation to real property. Then, again, the prior subdivision (the fourth) applies in terms and by the use of apt words to real estate contracts. And such is the construction which this part of the statute of frauds has elsewhere received. *Hollis* v. *Edwards*, 1 Verm., 159; *Bracegirdle* v. *Heald*, 1 Barn. and Ald., 722; *Young* v. *Dake*, 1 Seld., 464, 1 Sugden Vend., 92, *n.* 1. And see *Wilson* v. *Martin*, 1 Denio, 602.

Then, as to the fourth subdivision, it will be observed that the language of the exception "leases for a *term* not exceeding one year." It does not speak of contracts for the transfer of interests in lands, except leases for a term not exceeding one year *from the making thereof.* And yet this was the language of the fourth section of the statute of frauds (29 Ch., 2, c. 3), in speaking of contracts to be performed within one year. This, also, as we infer from the language of the opinion, was the Massachusetts statute, under which *Delano* v. *Montague*, 4 Cush., 42, was decided. Our statute, then, simply excepting leases for a term not exceeding one year — does it mean the *duration* of the *term* or the time of the performance of the contract, with reference to the date of making or entering into the same. It seems to us that the former is the more natural and fair construction, and that the court did not err, therefore, in overruling this demurrer. Most leases, and, indeed, we may say all, with here and there an exception, take effect *in futuro.* Farm leases, for instance, are made, as a rule, one, two or three months before the commencement of the term. Many of these are for one year, commencing not *in presenti,* but on a subsequent day. And in view of the usual custom, and indeed, little less than the general custom, this statute, if construed as appellant claims, would have but little practical

force or value. Verbal leases are made, and the statute contemplates their validity under certain circumstances. And to hold that the year commences to run from the date of the contract, would almost necessarily render invalid all those where the *term* is for the full year.

Then, again, in the language of the court, in *Young* v. *Dake*, 1 Seld., 467 (overruling *Crosswell* v. *Crane*, 7 Barb., 192): "the time between the making of the lease and its commencement in possession, is no part of the *term* granted by it. The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. * * * A lease, therefore, for the '*term* of one year, may as well be made to commence at a future day as at the day of making it."

The New York statute is substantially ours, and the case just cited is directly in point. The case of *Wiggins* v. *Keizer*, 6 Ind., 252, turned upon a construction of their statute, which, says the opinion of the court, is substantially like that of 29 Ch., 2, c. 3, § 4. *Stackberger* v. *Mosteller*, 4 Id., 461, turned upon other provisions of the same statute.

The demurrer was properly overruled, and the judgment is therefore

Affirmed.