SEARS *v.* SMITH et al.

1. A tenant under a lease for a year, holding over in the absence of a new agreement, holds the premises subject to the covenants and conditions in the original lease, provided the landlord assents by receipt of rents, or like significant act.

2. A mere notice by the tenant to the landlord that he will at the expiration of the term hold under a different tenure, is not sufficient to create a new lease without the consent of the landlord.

3. Questions of fact should be left to the determination of the jury.

4. A verbal lease for the period of one year, to begin *in futuro*, is not void under the Statute of Frauds in this State.

*Error to Probate Court of Arapahoe County.*

THE plaintiff in error brought an action before a justice of the peace, against the defendants in error, to recover certain rents, and obtained judgment. The defendants in the action appealed to the probate court. In the latter court the defendants obtained a verdict upon which judgment was subsequently entered in their favor for costs. To reverse this judgment the plaintiff prosecutes this writ of error.

Messrs. SAYRE, WRIGHT & BUTLER, for plaintiff in error.

Mr. C. S. THOMAS, and Mr. T. M. PATTERSON, for defendants in error.

THATCHER, C. J. If a tenant under a lease for a year holds over after the expiration of his term, in the absence of a new agreement, he holds the premises subject to the covenants and conditions contained in the original lease. The holding over rests, not upon the former lease, but upon a new contract which the law implies to be for the same time, and upon the same terms with the lease under which the premises were held the preceding year. *Bacon* v. *Brown*, 9 Conn. 334; *Laguerenne* v. *Dougherty*, 35 Penn. 47; *McKinney* v. *Peek*, 28 Ill. 174.

This doctrine must be understood with the qualification that the landlord consents to the holding over, by the receipt of rents or other like significant act; otherwise, if the tenant holds over, he holds over as tenant at sufferance. Smith's Landl. and Ten. *219; Tyler on Ej. and Ad. En. 221.

The court below, in framing its instructions for the jury, proceeded upon the theory that a mere notice given by the

tenant to the landlord, that he would, at the expiration of his term, hold under a different tenure, was of itself sufficient to create a new lease without the consent of the landlord. This is erroneous. To make the error apparent it is only necessary to consider the instructions upon which the plaintiff in error chiefly relies in argument as a ground for reversal.

On behalf of the defendant the court gave the following instruction: "If the jury believe from the evidence that sometime in June, 1873, either Smith or Doll, the defendants in this action, notified the plaintiff that they would not rent the premises for another year ; and that they would remove as soon as they could obtain a more suitable place of business; and would only rent from month to month, after February 1, 1873, then if the defendants paid all rent due until February 1, 1874, and removed therefrom prior to February 1, 1874, and gave the plaintiff ten days' notice of such removal, and in the latter part of January, 1874, offered the possession of said premises to plaintiff, which possession was refused, then you should find for the defendants."

The annual lease introduced in evidence expired July 1st, 1873, upon which day the new term must have commenced. In no view of the evidence could it have begun on February 1st, 1873, five months prior to the termination of the written lease. This instruction countenances the idea that a landlord may be bound without his consent to the terms of a contract which his tenant may propose. The question, which is one of fact, whether the landlord assented to or acquiesced in the proposed new contract, was by this new instruction taken from the jury, whose peculiar province it was to determine it.

The tenants' offer to lease from month to month may, consistently with this instruction, never have been accepted; nay, more, it may have been expressly rejected. Unless the landlord assented to or acquiesced in the new terms proffered by the tenant, the holding over was under the implied contract raised by law, that the terms and conditions should

remain the same as under the lease for the first year. This instruction was well calculated to mislead the jury.

The instruction that a verbal lease for the period of a year, the term to begin *in futuro,* is void, is not, we think, founded upon a proper construction of our law, which is essentially different from the English statute and the statutes of many of the States on the same subject.

By section 6, R. S., p. 338, ch. 38, it is provided that no estate or interest in lands, other than leases for a term not exceeding one year, shall be created, unless by act or operation of law, or by deed subscribed by the party to be charged. Section 8 of the same chapter declares : ''Every contract for the leasing for a longer period than one year * * * * shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease is to be made.'' These are the only sections in the chapter that relate to the matter under consideration.

In England and many of the States, the term for a verbal lease is limited to a certain period ''from the making thereof.'' Under such statutes it has been held that a verbal lease for the entire term limited by law could not begin *in futuro.* The omission of these words in our statute is of peculiar significance. We cannot conceive that they were omitted without design. The business experience of mankind, as well as the general custom prevailing here, teach us that a yearly term is very rarely commenced on the day the lease is made.

To protect leases for a year, whether the term begins *in presenti* or *in futuro,* we may reasonably conclude that the legislature, with a knowledge of this business experience and general custom, framed these sections.

Nor do we think that the second provision in section 12 of the same chapter, that ''every agreement, that by the terms is not to be performed within one year from the making thereof, shall be void, unless,'' etc., is entitled to any weight in determining the question under discussion. It relates to contracts of a different nature. From its colloca-

tion in the chapter, from its context in the same section, and from the further controlling consideration that a verbal lease for the period of a year is elsewhere in the same chapter by apt words specifically provided for, it is evident that the agreement referred to in this provision is in no way connected with the leasing of lands.

In New York and Iowa, where similar statutes have been enacted, omitting like our own the words "after the making thereof," it is held that a verbal lease for the term of a year, to begin in the future, is valid. *Young* v. *Dake*, 5 N. Y. 463; *Sobey* v. *Brisbee*, 20 Iowa, 105.

Nor is this construction obnoxious to the objection that a lease for the term of a year, to begin subsequent to the making thereof, creates an estate whose duration exceeds a year. Every lease creates an estate; but the estate created is inseparable from the term, and as to its duration is measured by the term. The estate begins and ends with the term.

It cannot be asserted that because the lease is made one day for a certain period of time to commence on a subsequent day, that the *interim* between the execution of the lease and such subsequent day is any part of the term.

Let the judgment of the court below be reversed with costs, and the cause remanded for further proceedings according to law.

*Reversed.*