CHARLES W. McCROY v. H. A. TONEY.

1. STATUTE OF FRAUDS. *Parol lease for more than one year. Statute construed.*
    The clause in our statute of frauds which prohibits the enforcement of parol leases of land for more than one year, has reference to the duration of the term, and not to the time of its commencement.

2. SAME. *Verbal lease for not more than one year to begin in future, valid.*
    A verbal lease of land to begin at any fixed time in the future, but not to continue more than one year, is not within the meaning of our statute of frauds, and is valid.

FROM the circuit court of Coahoma county.

HON. J. H. WYNN, Judge.

On December 15, 1887, appellant, McCroy, by a verbal agreement, rented certain land from appellee, Toney, the term of the lease to begin January 1, 1888, and to continue one year. Pursuant to the contract, McCroy went into possession of the land January 2, but on January 8, was forcibly dispossessed of the premises by appellee, who leased it to others. Thereupon appellant brought this action of trespass on the case against appellee, and claimed damages on account of the unlawful eviction. To the declaration alleging the foregoing facts, the defendant demurred upon the ground that no action could be brought upon the lease because prohibited by the statute of frauds. McCroy, the plaintiff, appeals from a judgment sustaining the demurrer and dismissing the cause.

*Calhoon & Green,* for appellant.

The lease is valid under the statute of frauds. The three first sections of the statute, 29 Car., referred to *estates in lands.* It was provided that all leases, etc., not in writing shall be void, except those for the term of three years *from the making thereof.* The fourth section of 29 Car. refers to contracts and has no reference

to estates; the other sections refer to wills, voluntary conveyances, etc. 1 Chitty on Contracts 95.

In the enactment of this statute in Mississippi, §§ 1, 2, and 3 were placed, not in the chapter on "Frauds and Perjuries," chap. 47, Hutch. Code, but in chap. 42, on "Estates in Realty." There was a collocation suited to the subject-matter of the sections. By § 1, chap. 42, Hutch. Code, it is provided: "No estate of inheritance or freehold or for a term of more than one year in lands or tenements shall be conveyed," etc., unless by writing. Note the change in the language. The words "from the making thereof" are omitted in the Mississippi statute.

There is no limitation on the time when the term is to begin but only as to its duration. So, under the statute in this state, a lease for a term not exceeding one year can be made verbally to commence *in futuro*.

To place this beyond controversy the code of 1857 re-enacted chap. 24, Hutch. Code, and expressly authorized the creation of estates to commence *in futuro*, which, while primarily intended to abolish livery of seizin, is broad enough to embrace the doctrine contended for here. The same collocation of the sections 1, 2, and 3 of 29 Car., under the title of Real Estate, is preserved in codes 1857, 1871 and 1880. The language of § 1292, code 1880, being express as to leases and expressly prescribing what leases are prohibited thereby, it cannot be said that other kinds of leases than those described are intended to be included under the disjunctive clause, " or upon any agreement which is not to be performed within the space of one year from the making thereof." The contrary would follow, viz.: that the statute had dealt fully with all the phases of leases that it intended to cover, and that the term "agreements" meant another and different class of contracts. It follows that under §§ 1187, 1188, and 1292 verbal leases for a term of one year to begin *in futuro* are valid.

In *Chaffe* v. *Benoit*, 60 Miss. 34, the fact that the lease was to begin in the future did not affect the mind of the court.

It is broadly stated in Reed on Statute of Frauds, vol. 2, § 813, that if the statute does not contain the words "from the making

thereof," and the term does not exceed one year, it is valid, though to begin in the future. This doctrine is sustained by the authorities. The court is warned not be led by the cases from Alabama, Illinois, and other states, where the law does not permit an estate to commence *in futuro* to be created; nor by cases from states which have the English statute of frauds, or which have no stipulation in the fourth section in regard to "leases," and in which " any agreement not to be performed within one year from the making thereof " is held to embrace leases.

*Outrer & Outrer*, for appellee.

The language of the statute of frauds is plain and comprehensive : " No action shall be brought upon any contract for the sale of lands, etc., or the making of any lease thereof for a longer term than one year, or upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise shall be in writing, etc." Code 1880, § 1292. The same provision is found in Hutch. Code 637 ; in code 1857, 358, and code 1871, § 2892. The arrangement and purpose of the original English statute have been changed and its operation enlarged by ours. The clause permitting a lease of one year is placed in the context immediately preceding the general comprehensive words, " or upon any contract which is not to be performed within the space of one year from the making thereof."

The statute as written is plain. No exception can be grafted on it. *Gumbel* v. *Koon*, 59 Miss. 266.

The purpose of the statute is to require every contract not to be performed within one year from the making thereof to be in writing, so as to avoid trusting any matter of contract for a longer period than that to the memory of any witness. And this applies to leases.

The authorities hold that such is the force and effect of all similar statutes to ours. Washburn on Real Prop., vol. 1, p. 645, 647 ; Taylor Land. and Ten., § 30 ; Browne Stat. Fr., § 272 *et seq. ; Olt* v. *Sohnas*, 19 Ill. 576.

Parol leases for one year to begin *in futuro* are held to be void in this last case, and this rule is announced in *Comstock* v. *Ward,*

22 Ill. 248 ; *Warner* v. *Hale*, 65 Ib. 395 ; *Butcher* v. *Atkinson*, 68 Ib. 421 ; *Wheeler* v. *Frankenthal*, 78 Ib. 124 ; *Smith* v. *Kinkaid*, 1 Brad. 623 ; *Wolf* v. *Dozer*, 22 Kan. 436 ; *Parker* v. *Hollis*, 50 Ala. 413. See, also, *Whiting* v. *Pittsburg Opera House Co.*, 88 Pa. St. 100 ; *Atwood* v. *Norton*, 31 Ga. 507 ; *Kelly* v. *Terrell*, 26 Ga. 551 ; *Pulse* v. *Hamer*, 8 Oregon 251 ; *Morehead* v. *Watkyns*, 5 B. Mon. 229 ; *Delano* v. *Montague*, 4 Cush. (Mass.) 42 ; 1 Addison on Contracts 171.

Counsel reviewed the authorities referred to by Reed on Stat. Fr., vol. 2, §§ 813, 814, 815, and contended that the author's statement of a contrary rule was not sustained by his citations ; that the decisions holding verbal leases for one year to begin *in futuro* valid were in states where there was no statute controlling, or else the decisions were based upon the peculiar language or collocation of the sections and provisions of their statutes and were not upon statutes with provisions similar to the Mississippi statute.

CAMPBELL, J., delivered the opinion of the court.

The single question presented for decision by this record is, Was the lease of the land by words, without writing, on the 15th day of December, 1887, for the year 1888, invalid ? After careful consideration of all the learning on the subject furnished by the text-books and English and American decisions accessible to us, and touching this question, we answer it in the negative. The reasoning by which we reach this conclusion is this : Without the statute of frauds such leases would be valid, and they are expressly excepted from it. It is as if our statute was, in the language of that of Georgia, " contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol," and from that language the supreme court of Georgia thought it indisputable that a contract for the renting of land made on the 25th of December, 1875, for the year 1876, was valid. *Steininger* v. *Williams*, 63 Georgia 475. The object in excepting from its provisions contracts for the making any lease (of land) for not more than one year is to let them stand as at common law whereby they were valid. The exception may be supposed to have been made

with reference to the custom of the country in which leases for a year are generally made without writing.

As the statute applies only to leases for a longer term than one year, and thereby excludes leases for a year or less, it is not to be assumed that the very next clause of the statute (the *infra annum* clause) was intended to apply to and invalidate what had been carefully excepted by the preceding clause, for the purpose of leaving it as at common law unaffected by the statute.

Our view is sustained by the courts of England, New York, Colorado, Iowa, Indiana, Georgia, Michigan, and Tennessee, and maintains the prevailing custom of the people of this state.

Reed on Stat. Frauds, § 196 and § 815 and notes, where cases are cited.

It is opposed by the courts of Alabama, Illinois, Kentucky, Massachusetts, and perhaps other states, but upon grounds unsatisfactory to us, and in most instances, as, it appears to us, without much consideration of the question.

The statute of frauds sprung from the notion that certain matters should be evidenced by writing lest perjury should be committed to maintain claims on them. In England it was thought a lease for not more than three years from the making thereof, with a prescribed rent, was not of sufficient moment to incite to perjury, and such leases were excepted from the statute, 29 Charles II, and being excepted were held not to be embraced by the *infra annum* clause of the 4th section of that statute. With us it was considered that a lease for one year is not of sufficient importance to cause perjury, and therefore it is not required to be evidenced by writing. Section 1188 of the code, corresponding to § 2 of 29 Charles II, excepts a term of not more than one year from the requirement of a writing to convey land, and § 1292, which corresponds to the 4th section of the statute 29 Charles II, also excepts from its provisions the making any lease of land for a term not longer than one year, while the English statute does not, in its fourth section, except the leases excepted by its second section, and yet it is held there that such leases as are excepted by the 2d section, although not excepted expressly by the 4th section, are by virtue of the exception in § 2,

not embraced in § 4.   Surely, as our statutes §§ 1188 and 1292, both exclude leases for a term not longer than one year, they cannot be held to be affected by § 1292.

Before the statute 29 Charles II a *term* might be created by parol to commence in future.   By that act writing was made necessary except as to leases for not more than three years, *from the making thereof*, etc.   By our statute writing is necessary, except as to leases for not more than one year, but the clause of the English statute, "*from the making thereof*," is omitted.   ·Hence, the conclusion that it has reference to *the duration of the term*, and not to the date of its commencement.   The *term* created by parol must not be for more than a year, but that may commence *when* the contracting parties agree it shall begin.   *Ita lex scripta est*, and it conforms to the practice of the people of this state.   It is said, if a lease may be made on Christmas Day for the next year, without writing, it may be made to commence a year or five or ten years hence.   If true, what of it?   If two persons able and willing actually should contract, the one to let and the other to enjoy and pay rent for premises for the year 1900, where is the harm of upholding the contract, though not in writing?   The improbability of any such contracts being made suggests the improbability of their inclusion in any legislative scheme to regulate the transactions of society.

·          *Reversed, demurrer overruled, and cause remanded.*