### Bateman & Bro. et al. v. R. E. Maddox.

#### No. 113.

**1. Distress Warrant—Petition.**

Distress warrant was obtained and issued January 19, 1891, returnable May 11, 1891, to District Court Tarrant County, the first day of the next term. The writ was levied and returned. May 9, 1891, plaintiff in distress warrant filed petition. The county in the meantime had been divided into two judicial districts, and it did not affirmatively appear that the petition was filed at the first term after the return of the warrant. Motion at subsequent term to dismiss was properly overruled. *Held*, the suit was commenced by the issuing of the distress warrant, the citation, and return. The petition was simply the declaration of the cause of action in detail, required to be filed before the first appearance day. But if the petition be filed before the case is dismissed by the court, there is no good reason why the cause should be dismissed because of delay in filing the petition............................ 552, 553

**2. Parol Lease of Land to Begin in Future.**

A lease for a term not longer than one year may be made to commence in the future by verbal contract, and will be held binding under the statute. Rev. Stats., art. 2464 .................................... 554

**3. Same—Case in Judgment.**

M. by verbal contract leased to Bateman & Bro. a store house, term beginning December 1, 1888, at $400 a month for first year, at $500 a month for next two years, and at $600 a month for next two years, lessee to give ninety days notice of quitting. B. & Bro. entered, paid

the rent as stipulated, and remained one month of the third year, and then assigned for benefit of creditors. No notice of terminating the lease had been given. Distress warrant sued out against trustee for rent for balance of third year. *Held*, that having continued in possession for second year and part of the third year, Bateman & Bro. were liable for the stipulated rent for the third year; as they had the right to retain the premises for that year, and under the contract they could not surrender or abandon the premises without consent of the landlord, and thus terminate the lease ............................ 555

CERTIFIED QUESTIONS from Court of Civil Appeals for Second District, in an appeal from Tarrant County.

*Greene & Humphreys* and *Hunter, Stewart & Dunklin*, for appellants.

1. The court erred in overruling defendants' motions to quash the distress warrants for rent issued in said cause, and to dismiss said cause, filed November 12, 1891, upon the ground that the plaintiff failed to file his petition in said cause to the first term of the District Court to which said distress warrant was returnable, next after the issuance and levy of said distress warrant. Rev. Stats., art. 3120; Bruner v. Dubard, 1 W. & W. C. C., sec. 391; Braley v. Bailey, 1 W. & W. C. C., sec, 790; Jones v. Stone, 2 Willson's C. C., sec. 359.

This suit was commenced by the suing out of said distress warrant prior to the passage of the act above referred to, creating the Forty-eighth Judicial District, but by the eighth section of said act all process theretofore issued or served, returnable to the District Court of Tarrant County, was made returnable to the terms of the court therein provided for, the same as if the act was in effect when such process was issued or served.

As said by the court in Braley v. Bailey, supra: "This article (Revised Statutes, article 3120) is an exception to the general rule, that all civil suits in the District or County Courts shall be commenced by petition filed, etc. In attachment and sequestration cases, if in the District or County Courts, the petition must be filed—the suit begun—before the writ can legally issue. The remedy of the landlord by distress warrant is speedy, effectual, and harsh. When he seeks to avail himself of it, he must strictly comply with every requirement of the law upon which his right to it depends. The provision of the statute which requires that he shall file his petition on or before appearance day of the court to which the writ is returnable, is unconditional and imperative, and must be strictly complied with."

As the law was when the distress warrant was sued out, the next succeeding term of the District Court of Tarrant County would have begun on May 11, 1891; to this term said warrant by its terms was made returnable; we take it that had the law remained in that condition, and the plaintiff had failed to file his petition on or before appearance day of

that term, it could not have been seriously contended that the distress warrant would not have become void and the levy made by virtue thereof vacated.

But by virtue of the act above referred to, all process issued before its passage in cases which by its operations were assigned to the court of the Forty-eighth Judicial District, where by its terms when issued such process was returnable to the May Term of the District Court of Tarrant County, became at once returnable to the February Term of said Forty-eighth District Court; and plaintiff having failed to file his petition on or before appearance day of said February Term, it seems to us that it must inevitably follow that this distress warrant thereupon became void, and should have been so held by the court.

Appellee contended in the court below that because appellants had answered to the merits before filing these motions to quash, the same came too late. We can not see how this position can seriously be insisted on.

In Wheeler v. Wheeler, 65 Texas, 573, the court held that motions to quash writs of sequestration and other like writs might be filed and acted on after pleas to the merits had been filed; in fact, at any time before the cause was finally disposed of. Our courts have frequently made like holding in cases of attachments.

2. If it be true as contended by appellee, that Bateman & Bro. entered upon the rented premises, which was a business house in the city of Fort Worth, under a parol contract of lease for five years, divided into three terms, the first one for one year at $400 per month, payable monthly; the second for two years at $500 per month, payable monthly; the third for two years at $600 per month, payable monthly; and that the tenants completed the first term and entered upon the second term, and that they paid rent monthly while occupying said premises, then said contract being void under the statute of frauds, said holding became and was a tenancy at will by the month, and could legally be terminated by either party at the end of any month, by giving reasonable notice. Tayl. on Landl. and Ten., 8 ed., secs. 60–62.

*Ross & Terrell* and *Capps & Cantey*, for appellee, Maddox.— 1. The petition was filed before the appearance day of the first term of the court to which the writ was returnable, said return day not having been changed by act of Twenty-second Legislature to an earlier date. Act 22nd Leg., p. 2, secs. 7, 8; Endl. on Int. of Stats., sec. 295.

2. The motions by defendants to dismiss the suit, because "the petition was not filed at the next term of the District Court of Tarrant County," referring as they do to the manner and form of commencing the suit, were pleas to the jurisdiction of the court, and came too late, having been filed and presented after they had all answered to the merits of the cause. Maynard v. Lockett, 1 Posey's U. C., 527; Allen v. Read,

66 Texas, 13; Russel v. Railway, 68 Texas, 646; Williams & Co. v. Verne, 68 Texas, 414.

3. The suit being brought by issuing a distress warrant and citation out of the Justice Court against Bateman & Bro., and afterwards Kernaghan and Harrison having been made parties to the suit by citation issued upon the petition filed, for the purpose of foreclosing the landlord's lien on the goods claimed by them, Kernaghan and Harrison could not object to the manner of commencing the suit, jurisdiction as to them having attached by citation issued out of the District Court.

The suit was brought by plaintiff for debt claimed to be owing for rent to become due for the rent of a building for the year beginning December 1, 1890, and ending November 30, 1891, and was commenced by suing out a distress warrant and citations to Bateman & Bro., under an affidavit and bond for distress, proper in form and substance. At the commencement thereof there was only one District Court for Tarrant County. Thereafter, on February 6, 1891, two courts for Tarrant County were created, with concurrent jurisdiction over the county, by act of the Twenty-second Legislature, which was not published until May 30, 1891. Acts 22nd Leg., p. 205. By this act the Forty-eighth and Seventeenth District Courts were given two terms each yearly, the terms of the Seventeenth beginning on the second Mondays in January and September of each year, and the Forty-eighth beginning on the second Mondays in February and October of each year. The purport of the Act of February 6 seems to be that all cases then on file and pending in the existing court (Seventeenth) should be docketed on the dockets of the two courts, so that the trial docket of the new court would embrace only the trial cases that in the allotment fell to it from the January trial docket of the Seventeenth court, so that its docket for the first term, February 9, 1891, would be supplemental to and a part of the existing term of the Seventeenth District Court, and so leave the so-called first term of the Forty-eighth court without any appearance docket, except as to those cases that were appearance cases to the January Term of the Seventeenth court, a construction consistent with that given the act by the court below. Hence all cases filed before the creation of the new court in which citations issued returnable to the May Term of the Seventeenth court and fell in the Forty-eighth court, by chance as provided in the act, would not be appearance cases to the Forty-eighth court to its February Term, 1891, but would be returnable to its October Term, 1891; and similar cases that fell in the Seventeenth court would be appearance cases to its September Term, 1891. For while section 8 of the act makes all process heretofore issued or served returnable to the District Court of Tarrant County returnable to the terms of the courts provided for in the same manner as if the act were in force when the same was issued, and all such process and service of process is by the act legalized and vitalized and given the same

efficacy as though this act were in force when the process was issued and served, yet to compel a defendant cited to appear at the May Term, 1891, of the existing Seventeenth court to appear and answer at an earlier date would be to give a different efficacy to the writ, a power of producing a different effect from that it originally had, and would not be within the letter or spirit of the act.

But conceding that the petition was not filed on or before the return day of the next term of the District Court of Tarrant County, still the defendants are in no position to dismiss the cause or quash the distress warrant for such cause. All the defendants appeared and answered to the merits before filing motions to dismiss, and such motions were really dilatory pleas as to the manner of commencing the suit, and went to the jurisdiction of the court to entertain the suits, and had been waived by their answers to the merits.

Had the motion made to quash the distress warrant by Kernaghan and Harrison been for defects in the affidavit or bond for distress or the writ, the motion could have been made at any stage of the trial before judgment, and would have been well taken, and the case of Wheeler v. Wheeler, 65 Texas, 573, cited by appellants in their brief, would have been applicable, but no such objection was raised.

Kernaghan and Harrison were cited to appear and answer the petition by citation issued regularly out of the District Court upon filing of the petition, and by them no motion as to the manner of commencing the suit against Bateman & Bro. could have been heard by the court, and the motion was properly overruled.

The statute prohibiting the commencement of civil actions on legal holidays, save in a few excepted cases, is as positive and as direct as that regulating the commencement of a suit for rent based upon a writ of distress issued by a justice of the peace. Still if a civil action is filed on a legal holiday in a case not named in the exceptions, and the defendant appears and answers to the merits, as in Williams & Co. v. Verne, 68 Texas, 414, he can not afterward move to dismiss the cause or to quash any process had in the cause on account of the day of commencing the suit. Having submitted to the jurisdiction of the court, he must abide the consequence, and such is the position of the defendants in the suit in question.

4. Where a person enters upon and holds the lands and tenements of another under an agreement for a lease, or under a lease void by the statute of frauds, and pays rent under such agreement, parol evidence is admissible to prove the terms of the agreement and the acts done with reference to the entry and holding, in order to determine the character and terms of the tenancy. French v. San Antonio, 80 Texas, 575; Condett v. Cash, 118 N. Y., 309; Laughran v. Smith, 75 N. Y., 205; Schuy-

ler v. Leggett, 2 Cow., 660; People v. Ricket, 8 Cow., 226; Wood on Landl. and Ten., secs. 23 (note 2), 25, 26; Riggs v. Bell, 2 Smith Lead. Cases, 177.

BROWN, ASSOCIATE JUSTICE. — The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court the following questions upon the facts stated:

" 1. On the ——— day of June, 1888, appellee, Maddox, by a verbal contract, leased and rented to appellants, Bateman & Bro., a certain brick building situated in Tarrant County, Texas, upon the following terms: Bateman & Bro. were to have the building for five years. They were to rent the building for one year absolutely at the rental of $400 per month, payable monthly, with a right to move into it at any time after the 1st of October, but their rent should commence December 1, 1888. They were to have the right to keep the building at the expiration of the first year two years longer, at the increased rent of $500 per month; and at the expiration of this two years term, to keep the building two years longer at the increased rental of $600 per month. It was also agreed that if Bateman & Bro. did not desire to keep the building for either of the two years terms mentioned, they were to give Maddox ninety days notice of their intention to leave the building before the commencement of either of the two terms.

" Sometime in October, after making this verbal contract in June, Bateman & Bro. moved into the building and paid the stipulated rent regularly at the end of each month during the first year, according to the terms of the contract. They gave no notice at the expiration of said year of their intention to abandon the building, but continued to occupy it during the entire second year (which would be the first year of the first two years term), paying the stipulated rent of $500 per month that year, and continued twenty-two days into the third year, when on the 22d day of December, 1890, they failed in business, and executed a chattel mortgage to Harrison and Kernaghan, as trustees for the benefit of certain named creditors, which conveyed the stock of goods then in the building. It will thus be seen that Bateman & Bro. did not themselves pay any rent on the third year, but they did arrange for the trustees above named to pay the rent for the month of December of that year, which they subsequently did, and notified Maddox that they would not longer occupy the building.

" On the 19th day of January, 1891, Maddox sued out before a justice of the peace of Tarrant County a distress warrant against Bateman & Bro. for the stipulated rent of $500 per month for the unexpired part of the third year of the lease entered upon as aforesaid. This warrant was made returnable to the District Court of Tarrant County on or before the 11th

day of May, 1891, that being the first day of the next succeeding term thereof.

" The warrant was levied on the day after its issuance upon the goods, which were then still in the rented building. These goods were replevied by the trustees aforesaid, and we understand from the record, although it is not specifically so stated, were sold by them and removed from the building more than thirty days before the filing of the petition in this case, as herein after stated.

" On the 6th day of February, 1891, after the issuance of the distress warrant, the Legislature passed an act dividing Tarrant County into two districts.

" Maddox filed his petition in this (the distress warrant) case upon the docket of the Forty-eighth District on May 9, 1891. There is nothing in the record to show whether the February Term of this court had then adjourned or was then in session.

" There is nothing in the record to show to which of these District Courts the case would have fallen had the warrant been returned in time for the first term of the Forty-eighth District after its issuance; nor is there anything to show at what time the warrant and citation were actually filed by the officer with the clerk. In fact, there is nothing to show that a citation was issued at the time of the issuance of the warrant; but as no question is raised as to this, it is presumed that it was.

" Both Bateman & Bro. and the trustees named above answered to the merits on September 12, 1891, and at the October Term succeeding, to-wit, on November 12, 1891, both Bateman & Bro. and said trustees filed separate motions to dismiss this proceeding, upon the ground that appellee had not filed his petition at the return term of the writ, as required by the statute under which the warrant was issued. These motions were overruled by the court, and the first question presented for your decision is, Did the court err in this ruling, and should either or both of these motions have been sustained?

" 2. In case it be held that the court correctly overruled these motions, were Bateman & Bro. liable under the facts and contract herein before stated for rent for the unexpired part of the third year of the verbal lease?"

To the first question we answer: The motions were properly overruled by the court. The suit was commenced by the issuing of the distress warrant, the citation, and their return into court. The filing of the petition was simply the declaration of the cause of action in detail, so as to inform the defendants of the grounds of plaintiff's claim.

The reason for requiring the petition to be filed on or before appearance day of the first term of the court after the issuance of the distress warrant is, that the defendant may be informed of the particulars of plaintiff's demand against him before he is required to answer. If the

petition is not filed as required by the statute, the defendant may move the dismissal of the case, and relieve himself of further attendance upon the court.   If, however, the petition be filed before the case is dismissed by the court, there is no good reason why the cause should be dismissed. Maynard v. Lockett, 1 Posey's U. C., 527.

The law requires the defendant in ordinary suits to answer on or before appearance day of the first term of the court after service, but until judgment by default is taken he may answer at any time.   When the plaintiff has been required by order of the court to give security for costs, the law requires that he comply with the order on or before the first day of the next term, or the case "shall be dismissed."   Rev. Stats., art. 1436.   Yet if the bond be filed at any time before the case is dismissed, it will be a good compliance.   Hayes v. Cage, 2 Texas, 501.   We see no difference in the principle that should govern the construction of the two articles of the statute.

We are referred to Bruner v. Dubard, 1 White & Wilson's Civil Cases, section 391;   Braley v. Bailey, idem, 790;   and Jones v. Stone, 2 Willson's Civil Cases, 359, in support of the contrary doctrine to that here announced.   These cases rest upon the reason, that this being harsh remedy, the proceedings must comply strictly with the statute.   This is correct as to the affidavit and bond and all that is done for seizing the property, but there is no reason why such rule should be applied to the pleading in this case.   In attachment suits the parties must, in suing out the writ, comply strictly with the requirements of the statute, but it has never been held that the rule applied to pleadings in such cases.   The affidavit and bond in attachment suits can not be amended, but the petition may be amended as in other cases.

To the second question we answer:   Bateman & Bro. were the tenants of Maddox for the year beginning December 1, 1890, and legally liable to him for the rent of that year at the rental of $500 per month.

That portion of the statute which applies to the facts of this case is as follows:

"Article 2464.   No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which the action shall be brought, or some memorandum thereof, shall be in writing, signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized:   *   *   *

" 4.   Upon any contract for the sale of real estate, or the lease thereof for a longer term than one year.

" 5.   Upon any agreement which is not to be performed within the space of one year from the making thereof."

Clause 5 of the statute would prohibit a verbal agreement for the lease of real estate for one year, to begin in future, if it were not that clause 4 provides specially a rule to govern such leases.   The rule of construc-

tion is, that a special provision in a statute will control a general provision which would otherwise include that mentioned in the particular provision.   Endl. Stat. Const., sec. 399, p. 560.

A lease for a term not longer than one year may be made to commence in the future by verbal contract, and will be held to be binding under the statute.   Sobey v. Brisbee, 20 Iowa, 105; Anderson v. May, 10 Heisk., 90; Eaton v. Whitaker, 18 Conn., 230; Huffman v. Starks, 31 Ind., 474; Young v. Dake, 5 N. Y., 468; Becar v. Flues, 64 N. Y., 518; Sears v. Smith, 3 Colo., 287; Randall v. Thompson Bros., decided by the Commission of Appeals, 1881.

There is a marked difference in the language of clauses 4 and 5 of the article.   The fifth prohibits the enforcement of contracts which are not to be performed " within one year from the making thereof," limiting both the time of commencement and continuance; while the fourth clause prohibits the enforcement of leases of real estate " for a longer term than one year," limiting and fixing only the time of duration.   If the Legislature had intended that leases should be limited to one year from the " time of making," then it was useless to mention them in clause 4, for they would have been embraced in clause 5.   The rule above stated is clearly applicable to the construction of the two clauses of this article.

In Sobey v. Brisbee, supra, the court said:  " Most leases, and indeed we may say all, with here and there an exception, take effect in futuro. Farm leases, for instance, are made, as a rule, one, two, or three months before the commencement of the term.  And in view of the usual custom, and indeed little less than the general custom, this statute, if construed as appellant claims, would have but little practical force or value."   The Legislature must be presumed to have understood the subjects upon which it legislated, and that the difference in the provisions was founded upon sound reasons, such as are quoted above.

That part of the verbal contract by which Bateman & Bro. were to be allowed to keep the property for two years after the expiration of the first year was contrary to our statute, and could not have been enforced by either party.   But Bateman & Bro. having continued in possession after the expiration of the first year without objection on the part of Maddox, by the fact of continuing possession became tenants for the year on the same terms as the former year.   San Antonio v. French 80 Texas, 575; Tayl. on Landl. and Ten., 522, 525.

If, however, the entry had been made under the verbal agreement for two years, the taking of possession and paying rent for the year, thereby showing that the intention was to hold by the year, would have converted that into a tenancy for that year, upon the implied contract that the law would raise from the acts of the parties.   2 Reed on Stat. Frauds, sec. 804; Browne on Stat. Frauds, sec. 38.   In either event Bateman & Bro.,

by holding over, became the tenants of Maddox for the year commencing December 1, 1889.

Bateman & Bro. being in possession under a lease valid under the statute, their continuance of the possession would not be construed to be an adoption of the terms of the verbal contract for two years, but it would in law imply the making of a contract that could lawfully be made; that is, a contract for the succeeding year the same as that for the year just terminated. Maddox could not have enforced the payment of more than $400 per month for the second year until by common consent of the parties the rental of $500 per month was adopted, which must be presumed from its payment by the tenant and receipt by the landlord for the second year, showing the intention to change the contract in that particular. By these payments this sum was established as the rental for the second year, which would be continued for the third year by the act of holding over after the expiration of the lease for the next preceding year. Singer Mfg. Co. v. Sayre, 75 Ala., 270.

It follows that the holding over by Bateman & Bro. after the expiration of the second year constituted them tenants of Maddox for the third year at the same rent as was paid during the preceding year.

At the time that Bateman & Bro. made the chattel mortgage, they could by law have held the premises for that year against the demands of their landlord, and they were equally bound to pay rents for the property for the same time. Neither they nor their trustees could surrender or abandon the premises without the consent of the landlord, and thus terminate the lease. Marsalis v. Pittman, 68 Texas, 624.

We are not called upon to determine what effect, if any, the taking of possession of the house by Maddox and renting it out after abandonment of it by the trustees would have upon the rights of the parties in this case, nor under what circumstances a part performance by the lessee of a verbal contract of lease of real estate for a longer term than one year would take it out of the operation of the statute of frauds, if at all.

Delivered April 9, 1894.