## ALEXANDER-AMBERG & COMPANY *v.* HOLLIS.

### Opinion delivered December 14, 1914.

1. CONTRACTS—LEASE—STATUTE OF FRAUDS.—An oral contract for the lease of lands, for one year, to commence at a date subsequent to the making of the contract is not within the statute of frauds.

2. CONTRACTS—ORAL CONTRACT—AGREEMENT TO REDUCE TO WRITING.— Where the terms of a contract are agreed upon orally, the same becomes effective, although it is further agreed that the terms of the undertaking are to be embodied subsequently, in a written instrument, and signed.

3. UNLAWFUL DETAINER—DAMAGES—SUFFICIENCY OF EVIDENCE.—In an action of unlawful detainer, evidence held sufficient to warrant the verdict of the jury, assessing damages.

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; affirmed.

*Appellant, pro se.*

Appellant contends, first, that there was no meeting of the minds of the parties upon the terms of any agreement for the year 1913, and, second, that there is no sufficient

basis in the evidence, under the law as declared by the court, upon which the jury could base a verdict for damages.

*S. R. Simpson,* for appellee.

1. As to the contract, the testimony of appellee was in direct conflict with that of appellant. The jury believed appellee's version. Their verdict is conclusive.

2. There was no testimony to contradict appellee's statement as to the rental value of the land. There was sufficient evidence on which to base the verdict.

McCULLOCH, C. J. This is an action of unlawful detainer, instituted by appellants against appellee, and possession of the premises was delivered to appellants under the writ at the commencement of the action. A trial of the case resulted in a verdict in favor of appellee for possession of the premises and an award of damages in the sum of $170.00.

(1) The only question presented on this appeal is whether or not the evidence is legally sufficient to sustain the verdict. Appellee occupied the lands in controversy, according to the undisputed evidence, as tenant of appellants, for and during the years 1910, 1911, and 1912, and remained in possession after the commencement of the succeeding year. He claimed the right to hold for the year 1913 under a new contract covering that period made with appellants' agent during the month of December, 1912. This claim is controverted by appellants, who deny that any contract for the year 1913 was made, and assert, on the contrary, that the tenancy expired on December 31, 1912. The testimony of appellee is not entirely satisfactory, but it is sufficient to establish an oral contract according to his contention in this case. An oral contract for the lease of lands for one year to commence at a date subsequent to the making of the contract is not within the statute of frauds. *Higgins* v. *Gager,* 65 Ark. 604.

(2) Appellee's testimony tends to show an oral contract, but that the same was to be subsequently reduced to writing. The terms of the contract were, according to the testimony, agreed upon, and it became effective though it

was further agreed that the terms of the undertaking were to be subsequently embodied in a written instrument and signed.  *Friedman* v. *Schleuter*, 105 Ark. 580.

(3)  The evidence was also sufficient to sustain the verdict awarding damages in the sum named above.  Appellee in his testimony put an extravagant estimate upon the rental value of the land, and the jury rejected it and refused to allow him the amount claimed.  But we can not say that the jury were unwarranted in accepting the estimate to an extent sufficient to base the award upon.

Judgment affirmed.