# CHARLESTON.

CLARK DEVELOPMENT CO. v. S. SONNENBERG.

Submitted April 20, 1920.    Decided May 4, 1920.

1. FRAUDS, STATUTE OF—*Verbal Lease for One Year to Commence in Future is not Within the Statute.*

     A verbal lease of real property for a term of six months, with a privilege of renewal in the lessee, for an additional six months, treated and regarded as a lease for one year, made before the beginning of the term and to commence *in futuro,* is not within the sixth clause of the statute of frauds, Code, ch. 98, and is, therefore, valid (p. 376).

2. SAME—*Special Clause is not Limited or Enlarged by General Clause.*

     Said sixth clause being special and exceptional in character, is not governed, limited nor enlarged by the seventh clause of the statute, which is general in its nature and applies to all agreements not otherwise dealt with by said statute. (p. 376).

     (LYNCH, JUDGE, absent).

Error to Circuit Court, McDowell County.

Action of unlawful detainer by the Clark Development Company against S. Sonnenberg. Verdict and judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Sanders & Crockett,* for plaintiff in error.
*Anderson, Strother, Hughes & Curd,* for defendant in error.

POFFENBARGER, JUDGE:

Sonnenberg's lease of a building belonging to the plaintiff, for one year, beginning, January 1, 1918, with a privilege of renewal for another year, upon sixty days written notice, was renewed and was about to expire when the lessor served notice on

him,, in October 1919, admonishing him of the expiration of his lease, and requiring delivery of possession of the premises, January 1, 1920. He did not vacate in compliance with this demand and an action of unlawful detainer was promptly instituted against him, resulting in a verdict and judgment for the defendant.

By way of defense, he relied upon an alleged verbal lease, made November 12, 1919, for a period of six months, to commence January 1, 1920, with a privilege of renewal for an additional six months. Although the jury has found in his favor on the issue made as to the agreement he set up, the plaintiff, relying upon the statute of frauds, denies its validity, even if made. Whether it is within the statute and therefore void, is the sole question raised by the assignment of error on this writ.

The statute denies right of action "Upon any contract for the sale of real estate, or the lease thereof, for more than a year." Code, ch. 98, sec. 1, clause, 6. It is insisted here that, under that clause, the time is counted from the date of the agreement, not the date on which the term begins. If this position is well taken, the lease is within the statute and void; but, if not, then the lease is valid, for it does not purport to be one for more than a year in any event.

In the argument submitted in support of the plaintiff's position, many authorities, including *Parkersburg Mill Co.* v. *Ohio River R. Co.,* 50 W. Va. 94 and *Alkire* v. *Orchard Co.,* 79 W. Va. 526, interpreting and applying clause 7 of the statute, denying right of action upon any verbal agreement that is not to be performed within a year, and counting the time from the date of the contract, are invoked; but they are not necessarily controlling nor applicable. Clause 6 is special and relates to one of the six subjects specifically provided for by the statute, while clause 7 is general and covers all cases within the scope of legislative intent in its passage, not specially dealt with. It is well settled in the law of interpretation, that a special provision of a statute is not subordinate to, nor goverened by, a general one. It is regarded as an exception and prevails. *Rogers* v. *United States,* 185 U. S. 83; *Dahnke* v. *People,* 168 Ill. 102; *Stockett* v. *Bird,* 18 Md. 484; *De Winton* v. *Mayor,* 26 Beav. 533; Lewis' Suth. Stat. Con., secs. 268, 345 & 351. That rule of interpreta-

tion has been applied to the statute. *Hayes* v. *Arrington,* 108 Tenn. 494; *Bateman* v. *Maddox,* 86 Tex. 546; *Sobey* v. *Brisbee,* 20 Ia. 105; *Higgins* v. *Gager,* 65 Ark. 604; *Birckhead* v. *Cummins,* 33 N. J. L. 44.

As to whether the general clause controls the special one, the authorities in the various jurisdictions of this country are in conflict.  In some of the states, however, the statutes differ.  In New York, Indiana, Georgia and New Jersey, the provision of the statute respecting leases seems to have undergone changes in its phraseology and contextual relation, upon which courts rely in reaching the conclusion that it is not governed by the general clause.  The Arkansas and Tennessee statutes are substantially the same as ours, except in one particular.  What in theirs would be the 7th clause of ours fixes the beginning of the time. It is the date of the making of the contract.  The leasing clause, however, is not so limited.  In both states, it is held that a verbal lease for a term not over one year may be made to commence *in futuro.*  In Alabama, California, Illinois, Kansas, Kentucky, Massachusetts, Oregon and possibly some other states having statutes similar to ours, the contrary is held. . The decisions in both classes of states are collected in 29 Am. & Eng. Ency. L. 944, and 20 Cyc. 214, 229.  An effort has been made to reconcile the conflicting decisions in the opinion delivered in *Hayes* v. *Arrington,* 108 Tenn. 494.

The English statute upon which all others are founded, 29 Car. 2, ch. 3, fixed the date in both clauses, making it the date of the making of the agreement.  The Virginia statute so fixed it for the general clause relating to contracts not to be performed in one year, but not for the leasing clause.  Code, 1819, Vol. 1, p. 372, ch. 101.  For some reason not explained, the Revisors recommended entire omission of it, in their redraft of the statute, and it was so enacted in the code of 1849, ch. 143.  Nevertheless, it was held in *Parkersburg Mill Co.* v. *Ohio River R. Co.,* cited, that time must be counted from the making of the contract, under clause 7.  According to some of the decisions above referred to, this would be an unsound construction.  As to whether it is not, we shall enter upon no inquiry now.

Leases and contracts relating to real estate and interests therein, have always been separately treated in these statutes.

If clause 7 were applicable and controlling, clause 6 would be unnecessary and useless. Hence, legislative intention to make it special and governable and operative by its own terms is manifest. Unlike that of clause 7, its time provision is descriptive of the term, not limitative of time of performance. Under clause 7, a beginning date is assumed or implied. Under clause 6 it is not. In some of the decisions holding that the general clause does not control the particular, this difference of phraseology is dwelt upon as being significant.

The right of contract is one of the most sacred that the citizen has. It is a part of his liberty guaranteed by organic law, both state and federal. This statute is a limitation or regulation of that high right. Hence, it ought not to be extended beyond the clear import of its terms. Statutes in derogation of the common law are strictly construed and limited in their operation to the scope of their terms reasonably and fairly interpreted. A limitation or restriction of a constitutional right, by way of regulation, ought not to be governed by a more liberal rule of interpretation. In general, statutes of frauds have been strictly construed always and everywhere.

Exception of leases for a term not longer than a year, to take effect *in futuro,* is not unreasonable nor dangerous. The English statute excepted verbal leases for terms of not over three years. Reduction of the term to one year and omission of annexation of the beginning of the term to the date of the contract may have been regarded as a wise composite proposition. Verbal leases generally create terms in property of comparatively limited magnitude or extent and small value. Large properties are generally subjects of written leases, whatever the term may be. Immense transactions may be performed within a year, under a verbal contract. All statutes of this class mark the distinction between large and small transactions and estates of long and short duration. To date the time from the making of the lease agreement, works inconvenience and hardship from both oversight and necessity. Very few verbal contracts of lease are made on the very day of the beginning of the term. In most cases, it is impossible so to make them and give the lessee the benefit of the full term. The landlord cannot ordinarily, give possession, nor the tenant enter, on that date. An allowance of

a few days between the making of the contract and the beginning of the term is essential to the convenient consummation of declared legislative purpose, allowance of a verbal lease for a term of óne year or less. It must be assumed, that the Legislature took a reasonable and practical view of the subject matter of the statute, in its enactment, and not an ultra-technical one. The obvious inconvenience above suggested, tending to defeat legislative purpose, may have been the occasion of the modification of the statute found in the Code of 1819, respecting leases, and the further one found in the Code of 1849, respecting contracts generally.

We are of the opinion, in view of the modification of clause 6 of the statute, the peculiarity of its terms, the character of the legislation, the applicable rules of construction and the well considered decisions we may invoke as precedents, that the verbal lease relied upon by the defendant and found by the jury to have been made is not within the statute and is valid; wherefore the judgment complained of will be affirmed.

*Affirmed.*