[Civil No. 3614.  Filed December 23, 1935.]

[53 Pac. (2d) 61.]

JOE BELL, Appellant, v. BELLE VAUGHN, Appellee.

Mr. J. Fred Hoover, for Appellant.

Mr. Wm. H. Westover, for Appellee.

McALISTER, J.—The plaintiff below, Belle Vaughn, owned fifty-three acres of land in Yuma

county, which the defendant, Joe Bell, occupied as a tenant during the year 1934. His lease was oral and a few days before it expired, or on December 22, 1934, the plaintiff gave him written notice to surrender possession on January 1, 1935. He refused to do so, but, according to the complaint, continued wilfully to hold possession of the premises after that date.

In his answer the defendant denied that his lease expired January 1, 1935, and that written notice to surrender possession of the premises had been served on him on December 22, 1934, and alleged affirmatively that he had been in possession of the premises for the four years last past under an annual verbal lease and that on September 20, 1934, the plaintiff by word of mouth did lease and let the premises to him for the year beginning January 1, 1935, upon the same terms and conditions as in the previous years, that is, upon a fifty-fifty crop basis; that pursuant to and in reliance upon this agreement and the instructions of the plaintiff he did, subsequent to said 20th day of September, 1934, and prior to the 31st day of December, of that year, renovate and re-seed the alfalfa ground, and did plow, dress and plant five acres of said land to wheat.

No other pleadings were filed and the case was set for trial before a jury on January 18, 1935. That day the plaintiff moved for judgment on the pleadings upon the ground that the answer filed disclosed no meritorious defense. The motion was granted and it is the judgment thus rendered that the defendant has brought here for review.

In his brief appellant advances several propositions of law as ground for reversal, but we think it necessary to consider only proposition No. III, which reads as follows:

"A verbal lease for one year beginning in the future is not within the statute of frauds."

In granting the motion for judgment on the pleadings the trial court evidently acted upon the theory contended for by appellee, that since the verbal agreement leasing the premises for one year from January 1, 1935, was made on September 20th and was not to be performed within one year from that date, it was void under section 1521, Revised Code of 1928, reading as follows:

"No action shall be brought in any court in the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized: . . . 5. upon an agreement which is not to be performed within the space of one year from the making thereof; 6. upon an. agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged."

Because the two rules of law relating to parol leases and contracts not to be performed within one year, subdivisions 5 and 6 of this paragraph, appear in the same section of the Code and were enacted at the same time, appellee contends that they should both be given equal force and effect, but that if it should be held that a parol lease of real property which is not to be performed within one year from the date it was made does not fall within the purview of subdivision 5 requiring all agreements not to be performed "within the space of one year from the making thereof" to be in writing, this end would not be accomplished, because it would, in effect, make subdivision 6 an exception to subdivision 5 and produce a

result not contemplated by the statute. Both provisions, if possible, should be given the meaning intended, for each was evidently inserted for a specific purpose or it would not have been made a part of the section.

The language, "an agreement which is not to be performed within the space of one year from the making thereof," is, it is true, broad enough to include all agreements not to be performed within that period and if there was no other provision in the statute on the subject the contention that it includes agreements to lease real property as well as all others could be plausibly advanced, but inasmuch as the very next subdivision deals specifically with agreements of this kind and omits from its language the words, "from the making thereof," it seems to follow that the only inference to be drawn is that it was the intention that in determining whether agreements to lease real estate made for a longer period than one year, it is not necessary to calculate the time "from the making thereof." The very fact that the legislature used this expression in one subdivision and omitted it altogether in the other, when it was dealing in both with the same general subject matter, requiring agreements which are not to be performed within one year to be in writing, points strongly to the conclusion that it was not the intention that this language was to be a factor in deciding whether an agreement to lease real property had been made for a longer period than one year. The rule of construction that a general provision in a statute (all agreements) is controlled by a special one (agreements to lease real property) applies in this situation. In *Bateman* v. *Maddox,* 86 Tex. 546, 26 S. W. 51, 53, the court in considering clauses 4 and 5 of article 2464 of the Code of that state, provisions practically

identical with subdivisions 5 and 6, *supra,* used the following language:

"Clause 5 of the statute would prohibit a verbal agreement for the lease of real estate for one year to begin in future, if it were not that clause 4 provides, specially, a rule to govern such leases. The rule of construction is that a special provision in a statute will control a general provision which would otherwise include that mentioned in the particular provision. Endl. St. Const., § 399, p. 560. A lease for a term not longer than one year may be made to commence in the future, by verbal contract, and will be held to be binding, under the statute. [Citations.] There is marked difference in the language of clauses 4 and 5 of the article. The fifth prohibits the enforcement of contracts which are not to be performed 'within one year from the making thereof,' limiting both the time of commencement and continuance, while the fourth clause prohibits the enforcement of leases of real estate 'for a longer term than one year,' limiting and fixing only the time of duration. If the legislature had intended that leases should be limited to one year from the 'time of making,' then it was useless to mention them in clause 4, for they would have been embraced in clause 5. The rule above stated is clearly applicable to the construction of the two clauses of this article."

In *McCroy* v. *Toney,* 66 Miss. 233, 5 So. 392, 2 L. R. A. 847, the court used this language:

"The single question presented for decision by this record is, was the lease of the land by words, without writing, on the 15th day of December, 1887, for the year 1888, invalid? After careful consideration of all the learning on the subject furnished by the textbooks and English and American decisions accessible to us, and touching this question, we answer it in the negative.

"The reasoning by which we reach this conclusion is this: Without the statute of frauds such leases would be valid, and they are expressly excepted from it. It is as if our statute was, in the language of that

of Georgia, 'contracts creating the relation of landlord and tenant, for any time not exceeding one year, may be by parol,' and from that language the supreme court of Georgia thought it indisputable that a contract for the renting of land made on the 25th of December, 1875, for the year 1876, was valid.''

The fact that the words, "from the making thereof," were omitted from clause 6 is perhaps due to the fact that most leases of real property take effect in the future. It is a fact familiar to everyone that few leases are executed the day they begin, and in drawing this provision its language was evidently selected with the view of permitting that practice to continue. As said in *Sobey* v. *Brisbee,* 20 Iowa 105:

''Most leases, and, indeed, we may say all, with here and there an exception, take effect *in futuro.* Farm leases, for instance, are made, as a rule, one, two or three months before the commencement of the term. Many of these are for one year, commencing not *in praesenti,* but on a subsequent day. And in view of the usual custom, and indeed, little less than the general custom, this statute, if construed as appellant claims, would have but little practical force or value. Verbal leases are made, and the statute contemplates their validity under certain circumstances. And to hold that the year commences to run from the date of the contract, would almost necessarily render invalid all those where the term is for the full year.''

This rule, according to 27 C. J. 212, paragraph 181, is followed in a majority of the jurisdictions in which the statutes require leases for a term exceeding a year to be in writing, and in note 37 on that page is given some of the reasons the various courts assign for it. They are:

''(1) that the words 'from the making thereof' contained in the English statute relating to leases and in practically all statutes relating to agreements not

to be performed within one year are omitted from the statutes under consideration; (Citations) (2) that the limitation in the statute refers to the duration of the term or the time of occupancy and not to the time of the making of the lease or the time of performance; (Citations) (3) and that because of the rarity of the instances in which the leasee can or does take possession contemporaneously with the making of the lease, a contrary construction would practically prevent the making of parol leases for the statutory period; (Citations) (4) 'The time between the making of the lease and its commencement in possession, is no part of the term granted by it. . . . When, therefore, our statute speaks of a lease for a term not exceeding one year, and of a contract for a lease for a period not longer than one year, it has reference to the time for the tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the term of one year, may as well be made to commence at a future day, as at the day of making it.' *Young* v. *Dake,* 5 N. Y. 463, 467, 55 Am. Dec. 356.''

The following, among others, adhere to the majority and in our view the better rule: *Alexander-Amberg & Co.* v. *Hollis,* 115 Ark. 589, 171 S. W. 915; *Sears* v. *Smith,* 3 Colo. 287; *Render* v. *Harris,* 25 Ga. App. 302, 103 S. E. 179; *Huffman* v. *Starks,* 31 Ind. 474; *Rooks* v. *Booth,* 160 Mich. 62, 125 N. W. 69; *Ward* v. *Hasbrouck,* 169 N. Y. 407, 62 N. E. 434; *Sullivan* v. *Bryant,* 40 Okl. 80, 136 Pac. 412, 49 L. R. A. (N. S.) 819; *Paulton* v. *Kreiser,* 18 S. D. 487, 101 N. W. 46, 5 Ann. Cas. 827; *Anderson* v. *May,* 10 Heisk. (Tenn.) 84; *Pappas* v. *General Market Co.,* 104 Wash. 116, 176 Pac. 25; *Clark Dev. Co.* v. *Sonnenberg,* 86 W. Va. 375, 103 S. E. 199; *Baumgarten* v. *Cohn,* 141 Wis. 315, 124 N. W. 288, 18 Ann. Cas. 1076.

In 49 L. R. A. (N. S.) 821, is found a note in which the authorities on both sides of the question are collected.

Appellee claims that if agreements to lease real estate not to be performed within one year may begin in the future rather than ''from the making thereof,'' then ''it would be possible to lease land for any number of years by parol by the simple expedient of making separate oral leases for one year only, the first to begin at a certain date, the second one year later, the third two years later, and so on.'' It is clear that appellant and appellee could not have prolonged this lease beyond one year by following this procedure, because a lease for a longer period than one year must be in writing and if they had attempted to extend it beyond that period by making separate leases, the second to begin upon the expiration of the first, the second lease would have been as much a violation of the statute of frauds as one for two years in the first instance would have been. In other words, the familiar rule that one cannot do indirectly what the law forbids his doing directly would apply.

Appellee suggests further that appellant could not have been legally in possession of the premises after January 1, 1935, under an agreement admittedly verbal, because section 1956, Revised Code of 1928, provides that

''A tenancy from year to year terminates at the end of each year, unless written permission be given to remain for a longer period, the permission shall specify the time which said tenant may remain, upon the termination of which the tenancy expires.''

This section is, in our view, without any application whatever to the facts of this case, because appellant was not holding over or attempting to do so under or by virtue of the lease that expired January 1, 1935, but under the lease entered into September 20, 1934, for the term beginning January 1, 1935, and this lease, having been legally executed, gave him all the right he

needed to continue in possession after it began. Written permission to remain would have added nothing to the right he had already acquired and was not necessary to create that right.

It is our view, therefore, that the allegation in the answer that a verbal agreement leasing appellant the premises for 1935 was entered into by the parties on September 20, 1934, set up a good defense and, this being true, it follows that the order granting the motion for judgment on the pleadings was erroneously entered. The judgment is reversed and the cause remanded for further proceedings in line with the views expressed herein.

LOCKWOOD, C. J., and ROSS, J., concur.