### BACON v. NELSON et al.
### No. 4393.

Court of Civil Appeals of Texas. Amarillo.
April 1, 1935.

Bean, Duggan & Bean, W. F. Schenck, and Benjamin Kucera, all of Lubbock, for appellant.

Charles Nordyke and Bledsoe, Crenshaw & Dupree, all of Lubbock, for appellees.

JACKSON, Justice.

The material facts necessary to a disposition of this appeal, as disclosed by the record, are as follows:

In July, 1932, J. W. Huff had title to, and possession of, section No. 17, block X, in Lubbock county. During the month, as lessor, he rented the section to T. M. Nelson, les-

see. by an oral agreement, under the terms of which 500 acres thereof was to be cultivated in wheat "for another year." It was also agreed, "in case the wheat blew out or something happened to it and he didn't get a stand in wheat," the lessee was to "plant it in row crop and the majority of it in cotton" for the year 1933. The year preceding the 500 acres had been planted in wheat, which had been recently harvested, and the lessee was to re-seed the land unless a volunteer stand of wheat came up which, in his judgment, was sufficient to produce a good crop. The tenant was to pay for the use of the land one-third of the wheat, if wheat was grown, and one-fourth of the cotton, if cotton was grown.

The lessee promptly went on the section, plowed and prepared the land to plant in wheat, but, before it was planted, a volunteer stand of wheat came up, and he decided that such volunteer crop would produce a greater yield than he would obtain by reseeding the land.

On August 23, 1932, J. W. Huff conveyed the section to W. A. Bacon and advised him at the time that the section had been rented to T. M. Nelson, and the terms and conditions of the rental contract.

In January, 1933, W. A. Bacon entered upon the land, plowed up and destroyed the growing wheat of the lessee, ejected him from the premises, and on February 8th thereafter instituted against him a suit in trespass to try title and secured the issuance of a temporary writ, enjoining him from going on or near the land or interfering with the plaintiff or his agents in the use and possession thereof.

The defendant answered, impleaded J. W. Huff, and on April 17, 1934, with leave of the court, filed his third amended original answer and cross-action, in which he asserted the validity of the lease contract between him and J. W. Huff for the year 1933, the destruction of his wheat by plaintiff; alleged in detail his ability to have cultivated the land, and that had he not been ejected, he would have planted said 500 acres in cotton, and by proper labor and the use of his machinery and tools matured a crop on said 500 acres for the year 1933; that, after the ejection and the destruction of his wheat, the plaintiff had said 500 acres planted in cotton, set out in detail the number of acres of cotton plowed up by plaintiff by agreement with the government and the money received therefor, the number of bales of cotton harvested and the price received therefor, the

cost and expense of cultivating said 500 acres in cotton; that but for his ejection he would have received the money plaintiff received from the government and the price for the cotton harvested, less the cost of production and what was due the landlord—for all of which he prayed judgment. He also sought, on sufficient pleadings, to recover exemplary damages.

In response to the findings of the jury in answer to special issues submitted, the court entered judgment for T. M. Nelson on his cross-action against W. A. Bacon for the sum of $3,500 actual damages and $1,500 exemplary damages, from which judgment Bacon prosecutes this appeal.

The appellant contends, inasmuch as the contract by which appellee claims to have leased the land upon which to grow and harvest cotton in 1933, if the wheat crop failed, was, according to the pleadings and the undisputed evidence, an oral agreement which would continue for a period longer than and could not be performed in a year, that such oral contract was within the statute of frauds and void, and a judgment against him was not warranted.

The contract relied on was made in July, 1932, to cultivate the land in wheat "for another year," and, if the wheat failed, to plant the land in cotton for the year 1933. In July, 1932, appellee took possession of the land, prepared it for and had a wheat crop growing thereon in January, 1933, when he was evicted by appellant and the wheat destroyed. There is no indication in the record that appellee, up to the time of his eviction, had intended to abandon his wheat and plant cotton. It is obvious, we think, that the lease contract began in July, 1932, and would have ended in July, 1933. It is conceded that a cotton crop could not have been grown and harvested by July, 1933, if appellee had so desired. He did not sue for or recover for a breach of the contract to grow wheat, but he sought and obtained a judgment for damages for the loss of a cotton crop which he claims he would have grown in 1933.

■ ■ The appellant had, by his acquisition of the title to the land, succeeded to all the rights of his grantor, and was entitled to urge the statute of frauds as a defense because his immediate predecessor in title could have done so. 27 C. J. p. 308, § 394; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610. The rule that a stranger to a contract cannot, for either party thereto or himself, urge the statute of frauds as a defense, has no application.

"The alleged lease contract being for a period of one year, with an option in favor of the lessee for a longer period was within the statute of frauds (Rev. St. 1925, article 3995) and void as to the future period unless the contract was in writing. 20 Tex. Jur. 298; Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51." Dees v. Thomason (Tex. Civ. App.) 71 S.W.(2d) 591, 592 (writ refused).

The provision of the contract giving appellee the option to plant cotton in 1933, if the wheat failed, extended the time of the lease beyond July, 1933, which terminated "another year," and was void "as to the future period" because not in writing.

The contention that the lease was not to begin until January, 1933, has no support in the record.

Whether appellee has a cause of action against appellant because of the eviction and the destruction of the wheat crop, or on quantum meruit for the value of the labor in preparing the land for wheat, is not before us.

The other errors assigned could hardly arise in the same manner upon another trial, and we deem a discussion thereof unnecessary.

The judgment is reversed, and the cause remanded.