**BARROW et al. v. WEBB.**

No. 2624.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1948.

Rehearing Denied Feb. 13, 1948.

Brooks, Duke & Templeton, of Abilene, for appellants.

Theo Ashe and Carl P. Hulsey, both of Abilene, for appellee.

LONG, Justice.

Plaintiffs M. M. Barrow, J. C. Burkett, Jr., B. B. Moreland, Sidney Burkett and B. B. Howard are the children of J. C. Burkett, Sr., deceased, by his first wife. Felix Barrow, Henry Moreland, and Brewer Howard are the husbands of M. M. Barrow, B. B. Moreland and B. B. Howard, respectively. Defendant Dorothy Willard Webb is the daughter of Laura Irene Burkett Kelly, the second wife of J. C. Burkett, Sr., deceased. J. C. Burkett, Sr., deceased, at the time of his death on February 28, 1933, was the owner, as his separate property, of Lots Nos. 1 and 2 in Block No. 19 of the continuation of the Highlands Addition to the City of Abilene, Taylor County, Texas. The said J. C. Burkett, Sr., by a will duly executed, bequeathed the aforesaid property to his then wife, Laura Irene Burkett. After the death of J. C. Burkett, Sr., and immediately after his burial, the plaintiffs, (the children of J. C. Burkett, Sr. by his first wife) met with Laura Irene Burkett and her daughter, defendant Dorothy Willard Webb, at the Burkett home located on the property herein involved, and at which time Sidney Burkett, sometimes known as Olea Burkett, at the request of the parties, in their presence and hearing, read the will of J. C. Burkett, Sr. It is the contention of the plaintiffs and support-

ed by the pleadings and evidence and found by the trial court to be true, that the plaintiffs and the deceased Laura Irene Burkett, at that time entered into an oral agreement that the aforementioned property should be divided at the death of Laura Irene Burkett in six equal parts between the plaintiffs and the defendant, Dorothy Willard Webb. The evidence discloses that at that time the plaintiffs advised Laura Irene Burkett that it was their intention to contest the will of their father and that the said Laura Irene Burkett told them that if they would not contest the will and allow her to use the property as her home until her death, that she would bequeath the property to the plaintiffs and to her own daughter, Dorothy Willard Webb, share and share alike. The plaintiff, J. C. Burkett, Jr. was named independent executor without bond, of the will of J. C. Burkett, Sr. He offered such will for probate and the same was thereafter, on the 21st day of March 1933, duly admitted to probate in the county court of Taylor County.

Laura Irene Burkett continued to reside in the home on the property involved until she married a Mr. Kelly; that upon her marriage, she moved away and remained away for about a year, but returned in the year of 1934 and occupied the property until her death on the 13th day of May, 1946. She left a will whereby she bequeathed the property involved to her daughter, the defendant, Dorothy Willard Webb.

Plaintiffs instituted this suit against defendant Dorothy Willard Webb, in trespass to try title and also plead affirmatively the substance of the facts heretofore set out. The defendant answered by plea of not guilty, general denial and specifically plead the Statute of Frauds. A trial was had before the court without a jury and judgment was entered that the plaintiffs take nothing by reason of this suit and that title was vested to the property involved in Dorothy Willard Webb, from which judgment the plaintiffs have duly appealed.

As has heretofore been stated, the trial court found that plaintiffs and the deceased, Laura Irene Burkett, entered into an oral agreement that the property involved would be divided at her death in six equal parts between the plaintiffs and the defendant, Dorothy Willard Webb. This finding has support in the evidence. However, we have concluded that the oral agreement comes squarely within the Statute of Frauds. At the time of the death of J. C. Burkett, Sr., the title to the property involved, under his will, vested in Laura Irene Burkett. The plaintiffs agreed not to contest said will, and J. C. Burkett, Jr. offered it for probate. The agreement relied upon by the plaintiffs to vest title in them of the property rests entirely in parol. As we view it, it is an oral agreement for the sale of land. Consequently, such oral agreement is unenforceable.

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist." Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L. R. 216.

The pronouncement of the law as set out in the above case, has been steadfastly adhered to by the courts of this State throughout the years. In order to relieve a parol sale of land from the Statute of Frauds, three things must exist: 1. Payment of the consideration. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land, or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. It is essential that all three of the above elements

be present. The existence of any one or two of such elements is not sufficient.

■ The evidence shows that Laura Irene Burkett made the agreement to bequeath the property to the plaintiffs if they in turn would refrain from contesting the will of J. C. Burkett, Sr., and allow her to live in the home the remainder of her life. At the time of the death of J. C. Burkett, Sr., he and Laura Irene Burkett were residing upon the property involved herein, hence, it was their homestead. This being true, Laura Irene Burkett had the right, under the law, to occupy the premises as her home so long as she lived, regardless of whether the will of J. C. Burkett, Sr. was probated. Assuming, without deciding, that the agreement by the plaintiffs to refrain from contesting the will of J. C. Burkett, Sr. was a sufficient consideration to support the contract, there still remains two necessary elements that are not shown to exist, namely: possession, and the making of valuable improvements.

■ Plaintiffs were not in possession of the property at any time. In fact, none of them was on the property at any time after the conversation in which the agreement was had. The record affirmatively shows that Laura Irene Burkett was in possession of such property continuously from that time until the date of her death. There is no showing that the plaintiffs made any improvements of any kind whatsoever upon the property. Therefore, it is apparent that the agreement relied upon comes squarely within the terms of the Statute of Frauds, Article 3995, Vernon's Ann.Civ. St. Leverett et ux. v. Leverett et al., Tex. Civ.App., 59 S.W.2d 252.

Plaintiffs cite numerous authorities in support of their contention. We have carefully examined each. It is our opinion that none of them is in point on this question.

Plaintiffs further contend that the trial court found that there was an oral agreement between plaintiffs and Laura Irene Burkett and consented to by the defendant Dorothy Willard Webb, to the effect that the property involved was to be held in trust by Laura Irene Burkett during her lifetime, and at her death, was to be divided between the plaintiffs and defendant, Dorothy Willard Webb, in equal portions. There was no such finding by the trial court and if there were, the evidence would not support it. Plaintiffs also contend that the will of J. C. Burkett, Sr., deceased, shows upon its face that J. C. Burkett, Jr., was appointed independent executor and that the title of the property was vested in J. C. Burkett, Jr., trustee, to carry out the terms and conditions of the will; that there was no proof showing that the estate had been closed at the time of the death of Laura Irene Burkett and that no title vested in her under the will.

In paragraph 1 of the will, J. C. Burkett, Sr. directed that his body be given a decent and christianlike burial and that an appropriate monument be erected to mark his last resting place. He further directs in said paragraph that the executor is to expend so much of the property of his estate for such purpose as might be necessary.

In paragraph 2, the testator directs that all of his just debts be paid from the money or property belonging to his estate.

In paragraph 3 of the will, he bequeathed to his five children, (plaintiffs herein) an equal portion of his stock in the Citizens National Bank of Abilene, Texas.

By paragraph 4 of the will, he gives to his wife, Laura Irene Burkett, all of the rest and residue of his property, real, personal and mixed, including the proceeds of policies of insurance on his life, belonging to his estate at his death and remaining after the satisfaction of the legacies to his children and after the payment of debts, funeral expenses and the monument.

In the sixth paragraph of the will, J. C. Burkett, Jr., was appointed independent executor without bond, and the testator further directs that no other action be taken in the county or probate court with respect to the estate other than filing this will for probate as soon as practical after his death and making due proof and record thereof.

■■ We are of the opinion that the contention made by the plaintiffs is not well taken. There was no such theory, so far as we have been able to determine, presented in the trial court. On the contrary, it was agreed between counsel that the will of J. C. Burkett, Sr. gave the property in fee simple

to his wife, Laura Irene Burkett. Upon the death of the testator, his estate which has been bequeathed under his will, vests immediately in the devisees and legatees thereunder. Littlefield v. Ungren, Tex.Civ. App., 206 S.W.2d 152.

As we view the record in this case, the title to the property involved vested immediately in Laura Irene Burkett at the death of J. C. Burkett, Sr. We do not construe the will as vesting the title to the property in J. C. Burkett, Jr. in trust. Especially is this true in view of the admission of counsel for the plaintiffs made upon the trial of this case that the title to the property involved vested in Laura Irene Burkett in fee simple.

■ We have carefully considered all the points raised by the plaintiffs, the briefs by both parties, the entire record, and we have concluded that there is no theory upon which the plaintiffs can recover. We realize that family settlements are sanctioned by the law and that heirs are to be commended in settling their differences without resort to the courts, however, in this case, all we have is an oral agreement entered into by the parties to the effect that if the plaintiffs would not contest the will of their father, that the title to the property involved would vest at the death of Laura Irene Burkett in the plaintiffs and the defendant, share and share alike. Such an oral agreement is unenforceable where the Statute of Frauds is asserted as a defense, therefore, it becomes our duty to affirm the judgment of the trial court.

Judgment affirmed.