Beverly G. MUELLER, Appellant,

v.

C. Stanley BANKS et al., Appellees.

No. 13127.

Court of Civil Appeals of Texas.

San Antonio.

March 20, 1957.

Rehearing Denied April 17, 1957.

Robt. H. Rice, San Antonio, for appellant.

House, Mercer & House, James D. Cunningham, Dibrell, Gardner & Dotson, Moursund, Ball, Bergstrom & Barrow, M. A. Childers, H. S. Piland, Stahl & Sohn, Ralph E. Cadwallader, San Antonio, Baker, Botts, Andrews & Shepperd, Houston, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellees.

BARROW, Justice.

This is a suit by Beverly G. Mueller against C. Stanley Banks, individually and as independent executor of the estate of Henry Mueller, deceased, Raymond Hood, individually and as temporary administrator of said estate, John W. McVay, an alleged purchaser of certain assets in controversy, F. W. Huber, Honorable Charles W. Anderson, Judge of the Probate Court of Bexar County, Texas, R. L. House, Texas and New Orleans Railroad Company, and the various beneficiaries under the will of said Henry Mueller, deceased. Plaintiff alleged, first, that all of the property in controversy belongs to him by virtue of a verbal contract made between himself and his father, Henry Mueller, and his mother, Amy Freeman Mueller, who died in the year 1941; and, second, that said property belongs to him as the only heir at law of his mother, who died intestate. In that connection plaintiff alleged that his father, Henry Mueller, dissipated all his interest in the community estate of himself and his wife, and that at the time of his death he held said property as constructive trustee for plaintiff as beneficiary. He further alleged the sale of part of the property in controversy (being the assets and physical properties of the partnership firm of Mueller-Huber Grain Company) by the temporary administrator, acting under the order of Hon. Charles W. Anderson as Judge of the Probate Court, to the defendant John W. McVay, which sale plaintiff alleged was procured in some way by fraudulent acts of R. L. House, C. Stanley Banks and Texas and New Orleans Railroad Company. He seeks judgment for recovery of all the property and for damages against the three last above mentioned defendants for said alleged fraud, and against the defendant John W. McVay for damages for the alleged wrongful withholding of said property. The defendants answered and after answering presented motions for summary judgment, to which the plaintiff replied by affidavit. The trial court heard and considered the motions and the affidavits and thereafter, upon such motions, rendered a take nothing judgment against plaintiff, hence this appeal.

This record shows without dispute, that in the year 1941 Henry Mueller, deceased, and F. W. Huber owned the business known as Mueller-Huber Grain Company, in shares of 60% to Henry Mueller and 40% to Huber; that at the time of the death of Amy Freeman Mueller the 60% interest was community property of Mueller and his wife; that she died intestate and left as her heir the plaintiff, Beverly G. Mueller; that in March, 1943, plaintiff bought an additional 4% of the total interest in said grain company from Huber and a 6% of the total interest from Henry Mueller, the interests in the business then being 24% to Henry Mueller, 36% to Huber, and 40% to plaintiff, he having inherited 30% from his mother and bought another 10%.

■ It appears from the record in this cause, that on the 5th day of November, 1952, in Cause No. F–71586 in the 57th District Court of Bexar County, a judgment was rendered declaring that all of the assets of the Mueller-Huber Grain Company were the property of Henry Mueller. The judgment approved the settlement between Henry Mueller, Beverly G. Mueller and F. W. Huber, and ordered that the cause be "dismissed with prejudice as to all claims of every kind and character, whether pleaded herein or not, held or asserted by the plaintiff, Henry Mueller against the defendants, F. W. Huber and B. G. Mueller and with prejudice as to all claims of every kind and character, whether asserted herein or not, held by the defendants, F. W. Huber and B. G. Mueller as against the plaintiff, Henry Mueller, * * *." This judgment is final and binding on plaintiff, Beverly G. Mueller. It disposed of all the assets of Mueller-Huber Grain Company, and any attempt by plaintiff in this suit to claim ownership of any of such assets constitutes a collateral attack on said judgment and cannot be maintained. Rule 301, Texas Rules of Civil Procedure. Hence it is apparent that plaintiff has no interest in any of the assets of said grain company and therefore has no justiciable interest authorizing him to attack the sale of these assets by Raymond Hood, as temporary administrator, to John W. McVay.

■ It further appears from the record that the will of Henry Mueller, deceased, has been duly probated by the judgment of a court of competent jurisdiction and that plaintiff is not a devisee or legatee thereunder; that plaintiff contested the probate of said will, and that the judgment admitting it to probate is res judicata of its validity as a will and bars any attempt by plaintiff to attack it in this suit and to claim any interest in said estate.

■ As to the claim of plaintiff that the property in possession of his deceased father, Henry Mueller, belongs to him by virtue of the alleged verbal contract of 1935 between himself and his father and mother, the record shows the agreement was that, in consideration of his working for and with his parents in the grain business, all property which they owned at the time of their death would be his; and the record shows without dispute that Henry Mueller at the time of his death owned both real and personal property.

The law is well settled in this State that a parol contract such as this, involving both real and personal property, which is indivisible, is void as to both and cannot be enforced as to either. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A. L.R. 216; Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.2d 1; Cheney v. Coffey, 131 Tex. 212, 113 S.W. 2d 162, 114 S.W.2d 533; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Art. 3995, Subd. 4, Vernon's Ann.Civ.Stats. Plaintiff contends that because he moved on the tract of land and built a residence thereon, the contract is removed from the operation of the statute of frauds. We overrule this contention. The record clearly shows that he went into joint possession with his father and mother. In order for possession to serve as one of the elements necessary to remove the contract from the operation of the statute of frauds, the possession must be exclusive and adverse to the donor. There must be a complete surrender of possession by the donor. Hooks v. Bridgewater, supra; Mulkey v. Allen, Tex.Com.App., 36 S.W.2d 198; Thornton v. Central Loan Co., Tex.Civ. App., 164 S.W.2d 248 (writ refused).

■ We next consider plaintiff's claim to the property as sole heir at law of his mother, Amy Freeman Mueller. In this connection he claims that after the death of his mother no settlement of the community estate of Henry and Amy Freeman Mueller was ever had and that Henry Mueller at the time of his death in 1952 held the property in trust for him. It appears from plaintiff's affidavit that as early

as the year 1943 Henry Mueller repudiated this trust and used and claimed the property as his own. It therefore appears as a matter of law that plaintiff's claim in that respect is barred by the statutes of limitation.

Because no genuine issue of fact remains in the whole case, the trial court correctly rendered summary judgment that the plaintiff take nothing as against the defendants.

The judgment is affirmed.