rendered against appellant and reciting that appellant has violated his probation.

Such requisition is sufficient to authorize the issuance of the executive warrant by the governor of this state.

The judgment is affirmed.

**O. C. COOPER, Appellant,**

**v.**

**Mrs. Eugenia W. ASTIN, Appellee.**

**No. 3813.**

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1961.

Rehearing Denied Feb. 23, 1961.

W. S. Barron, Bryan, E. Wayne Thode, Austin, for appellant.

R. V. Armstrong, Bryan, for appellee.

McDONALD, Chief Justice.

This suit was filed by Astin, plaintiff, against Cooper, defendant, for rent alleged to be due to Astin under a lease of business property. Astin, by written lease, let the property to one Del Marmol, and contends that Cooper is liable for the rent as an assignee of such lease.

Trial was before the Court without a jury, which, after hearing, entered judgment for plaintiff for the rents sued for.

Defendant appeals, contending that the Trial Court erred in rendering judgment because: 1) There is no evidence that the lease was assigned to defendant; 2) The assignment (if at all) was oral and was in violation of the Statute of Frauds.

Astin leased the property to Del Marmol by written lease for 5 years, beginning on 1 October, 1956. Del Marmol operated a restaurant on the premises. Thereafter, Cooper advanced certain money to Del Marmol as an investment. On 8 May, 1957, Del Marmol sold the restaurant business and fixtures to Cooper. Cooper took over and operated the restaurant until July, 1958, and during such time paid the monthly rental called for in Del Marmol's written lease with Astin. On 28 June, Cooper leased the restaurant business and fixtures to a Mrs. Adams under the terms of which Mrs. Adams was to pay the rent to Astin and was given the option to purchase the restaurant business and fixtures for a certain amount. Mrs. Adams paid the rent for a time, then got behind with the rent, and surrendered the possession of the premises on demand, to Astin on 29 December, 1958.

Thereafter, Astin brought the instant case against Cooper for rents due under the Astin-Del Marmol lease, contending Cooper was liable for same as an assignee of Del Marmol.

We revert to Cooper's 1st contention—that there is no evidence of an assignment of the lease to Cooper by Del Marmol. Plaintiff Astin had the burden of producing evidence that the Astin-Del Marmol lease had been assigned to Cooper. There is no contention that the lease was assigned to Cooper in writing. Astin contends that plaintiff has proven: 1) the existence of the Astin-Del Marmol lease; 2) the purchase of the business by Cooper; 3) Cooper's knowledge of the Astin-Del Marmol lease; 4) operation of the business for more than a year; 5) payment of all rents during such period; 6) Cooper's sale of the business with part consideration being the assumption of rents under the lease; 7) Cooper's treatment of the lease as his own—all of which constitutes an assignment of the lease by the original lessee, Del Marmol.

Our examination of the record confirms the existence of the Astin-Del Marmol lease; the purchase of the business by Cooper; Cooper's knowledge of the Astin-Del Marmol lease; and Cooper's operation of the business and payment of rent for over a year. The record reflects that Cooper leased the business and fixtures to Mrs. Adams; that Mrs. Adams was to pay the rent for the building; and have an option to purchase the business and fixtures for $42,000. There was no evidence of an assumption of rents under the leases by Mrs. Adams. Further, there is no evidence of Cooper's treatment of the lease as his own. What Cooper did in relation to the premises is as consistent with a subletting, or tenancy at will, as with an assignment. It is our view that there is no evidence that Del Marmol assigned the lease to Cooper.

Defendant's 2nd contention is that any oral assignment (which is denied), to Cooper of the Astin-Del Marmol lease was in violation of the Statute of Frauds (Art. 3995, Subd. 2, R.C.S.) (The lease had longer than 1 year to run).

For an oral assignment of a lease on realty, *having longer than 1 year to run*, to be enforceable by the original lessor as against the assignee, it must be proven that: 1) the assignee entered into possession under the oral agreement; 2) that the assignee paid rent or other valuable consideration; and 3) the facts must be such that a fraud would be perpetrated upon the original lessor if the oral assignment were not enforced. Maloy v. Wagner, 147 Tex. 486, 217 S.W.2d 667; Walker Avenue Realty Co. v. Alaskan Fur Co., Tex.Civ. App., 131 S.W.2d 196, W/E Ref.; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. Under the factual situation before us, no fraud whatever is perpetrated on Astin by not enforcing an oral assignment by Del Marmol. Astin has all of the recourse against Del Marmol that he ever had. Moreover, under the facts of this case, (Del Marmol was insolvent), it was a fortuitous circumstance and a windfall for Astin, for Cooper to pay rent for the period that he did.

Both defendant's contentions are sustained and the cause is reversed and rendered for defendant.