**Kenneth DARDEN et al., Appellants,**

v.

**Kenneth W. SULLIVAN et al., Appellees.**

**No. 4196.**

Court of Civil Appeals of Texas.

Waco.

Jan. 16, 1964.

Gean B. Turner, H. M. McPherson, Cleburne, for appellants.

Walker, Baker & Altaras, Jack C. Altaras, R. A. Kilpatrick, Cleburne, for appellees.

WILSON, Justice.

Appellants Darden and others, as lessors, sought recovery of rents from appellees Sullivan and Beard under a building lease contract. A take-nothing judgment was rendered after a non-jury trial, which we affirm. Findings and conclusions were filed. We will consider the points related to each of the appellees separately.

The following facts are undisputed or are contained in unchallenged findings: Appellants, as lessors, and D. E. Polk, as lessee, executed a written agreement leasing the lower floor of a building for a term beginning August 1, 1959 and ending July 31, 1961 for a rental of $3240, payable $135 per month. The contract contained a typed provision: "The lessee has an option for an additional two years for the same rent as this contract," and a printed provision: "It is agreed and understood that any holding over by the lessee of the hereby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of $———." On April 1, 1961 the lessee Polk sold the automobile business which he had been conducting in the leased premises to appellee Sullivan. Polk and Sullivan orally agreed, with Darden's verbal approval, that "Sullivan would take over the lease, and at the end of the lease on July 1, 1961, would have the option of renewal for two years, but there were no writings to this effect." The court found that in discussing the option Sullivan said that "when the remaining four months of the lease was up, he would like to exercise the two-year option, and asked Darden if he wanted to transfer the lease to him, and Darden replied, 'No, your word is good enough for me.'" There was no further written agreement. Rental was paid monthly until March 1, 1962, after which the premises were vacated and no further payments were made.

The court found Polk did not exercise the option to renew the lease, and Sullivan did not exercise any option to renew it after April 1, 1961. Appellees pleaded the Statute of Frauds, Art. 3995, Vernon's Ann.Tex.Civ.St., in bar of appellants' action alleging that Polk "transferred" the lease to Sullivan, who occupied the premises and paid the monthly rental to March 1, 1962, whereby appellants contend Sullivan became liable for rents due for the 16-month unexpired portion of the two-year renewal period covered by the option.

The court concluded that Sullivan occupied the premises after July 31, 1961

under a month-to-month tenancy, and the lease contract was unenforceable against him, as having been renewed for a two-year term, under subd. 4 of the Statute of Frauds pertaining to contracts for the lease of real estate for a longer term than one year. Appellants' points attack these conclusions.

■ Where the unexpired term of a lease for more than a year does not exceed one year, a parol assignment of the lease for such unexpired term, it has been said, is not within the statute. 37 C.J.S. Frauds, Statute of § 114, p. 606; 49 Am. Jur., Sec. 191, p. 520. The assignment of a written lease with an option to renew for a term longer than a year, however, is required to be in writing under the statute. Duke v. Joseph, Tex.Civ.App., 213 S.W.2d 535, 536, writ refused; Dees v. Thomason, Tex.Civ.App., 71. S.W.2d 591, 592, writ refused; Weatherford v. Lee, Tex.Civ.App., 364 S.W.2d 730, 733, writ ref. n. r. e.; Bacon v. Nelson, Tex. Civ.App., 81 S.W.2d 287, 289; 49 Am. Jur. Sec. 191, p. 520; 37 C.J.S. Frauds, Statute of § 114, p. 606. See Bateman v. Maddox, 86 Tex. 546, 26 S.W. 51, 53.

■ Appellants cite cases holding that the provision in Art. 5237, V.A.T.S. for consent of the landlord to a renting or leasing by the tenant is for the landlord's benefit, and may be waived by him. That statute is not involved here. They also rely on statements in several no-writ and writ-dismissed cases to the effect that possession and payment of rent by the original tenant or assignee is such performance as takes the oral agreement out of the Statute of Frauds. Despite such statements it is settled in Texas that mere possession referable to the contract and payment of rent or other consideration by the original tenant or assignee under an oral lease contract for more than a year will not relieve the agreement from the operation of the statute. There is a third indispensable element: the making of valuable improvements by the tenant or assignee, or existence of such facts as would make the transaction a fraud on the lessor if the agreement is not enforced. Ward v. Etter, 113 Tex. 83, 251 S.W. 1028, 1030, 1031; Maloy v. Wagner, 147 Tex. 486, 217 S.W.2d 667, 670, 671; Matney v. Odom, 147 Tex. 26, 32, 210 S.W.2d 980, 984; Duke v. Joseph, Tex. Civ.App., 213 S.W.2d 535, 537, writ refused; Walker Ave. Realty Co. v. Alaskan Fur Co., Tex.Civ.App., 131 S.W.2d 196, 198, writ refused; Lechenger v. Merchants' Nat. Bank, Tex.Civ.App., 96 S.W. 638, 642, writ refused; Roberts v. Griffith, Tex.Civ. App., 207 S.W.2d 443, writ ref. n. r. e.; Cooper v. Astin, Tex.Civ.App., 343 S.W. 2d 713; Weatherford v. Lee, Tex.Civ. App., 364 S.W.2d 730, 732, writ ref. n. r. e.; Blum v. Dismuke, Tex.Civ.App., 314 S.W. 2d 635, writ dism. See generally annotations listed 80 A.L.R.2d 427. Under these decisions the latter element does not exist in this case.

We do not therefore reach any question of whether Sullivan orally exercised any renewal option so as to be bound by the lease between Darden and Polk for the duration of the second two-year term. We do not reach questions as to the effect of the provision concerning holding over after the expiration of the first two-year term as in Corpier v. Lawson, Tex.Civ.App., 356 S.W.2d 361. Sullivan's rights are not governed by the provision of the lease between Darden and Polk. Our holding applies also to appellants' claims under a subsequent and independent oral agreement relating to the rental of the second floor of the building, if it is contended it involved other than a tenancy by the month.

Appellants' points as to appellee Beard are directed to the trial court's conclusions of law and a fact finding as to estoppel, all of which are immaterial. Appellants alleged that in January, 1962 Beard formed a partnership with Sullivan and that Sullivan and Beard thereafter made two monthly rental payments. No other basis for liability against Beard is alleged. Ap-

parently appellants now present the theory Beard orally agreed to assume the lease or the lease was orally assigned to him. The court found there was no assignment to Beard, written or oral, and he made no oral or written agreement to renew the lease. These findings are not challenged. Beard did not otherwise have any liability for rent which Sullivan did not have, as appellants concede. The judgment is affirmed.