**Ada Louise WOMACK, Appellant,**

v.

**Jeannette Katherine WORTHINGTON et al., Appellees.**

No. 17920.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 12, 1978.

Rehearing Denied Feb. 23, 1978.

Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellant.

McGown, Godfrey, Decker, McMackin, Shipman & McClane, and Warren W. Shipman III, Fort Worth, for appellee Worthington.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Atwood McDonald, Fort Worth, for appellee Boggeman.

## OPINION

SPURLOCK, Justice.

This is a summary judgment case. Appellant filed suit against her two sisters seeking to establish that an oral family settlement agreement had been entered into some thirteen years before their father's death, whereby the three sisters allegedly agreed that if their father died leaving a will that gave preference to any of them, they would divide their father's estate among themselves in equal shares. At the time of the father's death, a large portion of his estate consisted of real estate. Upon his death, the father's will left all of his property to one of his daughters.

Appellee moved for summary judgment, because (inter alia) the alleged oral family settlement agreement violated the Statute of Frauds, since a large portion of the father's estate consisted of real property. From the trial court's granting of movant's motion for summary judgment, appellant has perfected her appeal.

We affirm the judgment of the trial court.

Decedent had three daughters: Ada Louise Womack (appellant), Jeannette (Jackie) Katherine Worthington (appellee) and Mary Alice Boggeman. At times, they will be referred to as Ada, Jackie, and Mary. After decedent's death, an application to probate decedent's will was filed on December 15, 1971. Under the terms of decedent's will, Jackie was the sole beneficiary of her father's estate. Ada filed a will contest, based upon allegations that decedent lacked testamentary capacity and was unduly influenced in the execution of his will. After a trial in the county court of Jack County in December of 1972, the will was admitted to probate. Ada appealed, and a trial de novo was held before a jury in the district court of Jack County in April, 1975. Upon the jury's findings that decedent had possessed testamentary capacity and had not been unduly influenced, the district court rendered judgment on the jury's verdict. In an unpublished opinion, this court of civil appeals affirmed the

judgment of the district court. Ada's application for writ of error in the Texas supreme court was "ref'd n. r. e."

On December 7, 1973, while the will contest appeal was pending in the district court, Ada filed this suit against Jackie and Mary, alleging that she (Ada) was entitled to one-third of decedent's estate, because of an alleged oral agreement made by her and her two sisters prior to October, 1958. Ada claims that the three sisters orally agreed thirteen years before their father's death that they would share in decedent's estate equally, regardless of the eventual disposition of the estate under their father's will. It is Ada's contention that the alleged oral agreement is enforceable as a family settlement.

In their answers filed in this case, both Jackie and Mary have denied that any such oral agreement was ever made. Also, in her answers to interrogatories, Mary has denied the existence of the alleged oral agreement.

In her motion for summary judgment, Jackie contended that she was entitled to judgment as a matter of law, because (inter alia) any such alleged oral agreement is barred by the Statute of Frauds. The trial court granted Jackie's motion for summary judgment.

By her three points of error, Ada basically contends that the trial court erred in rendering summary judgment that she take nothing.

Tex.R.Civ.P. 166–A(c) provides in part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that *the moving party is entitled to a judgment as a matter of law.*" (Emphasis added.)

The purpose of the summary judgment rule is to provide a method of summarily terminating a case when there is only a question of law involved and there is no genuine issue of a material fact. *Gaines v.*

*Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962).

It is undisputed that the alleged settlement agreement, if any, was oral rather than written. At the outset, we are confronted with the question of whether the alleged oral agreement was unenforceable under the statute of frauds, since a large portion of the estate consisted of real property.

In Texas, the Statute of Frauds, which is found in Tex.Bus. & Comm.Code Ann. § 26.01 (1968), provides in part that:

> "(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is
>
> (1) in writing; and
>
> (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.
>
> (b) Subsection (a) of this section applies to
>
> .    .    .    .    .
>
> (4) a contract for the sale of real estate;
>
> (5) a lease of real estate for a term longer than one year;
>
> (6) an agreement which is not to be performed within one year from the date of making the agreement; .   . ."

In *Manning v. Sammons,* 418 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n. r. e.), the plaintiff claimed a one-fourth interest in the decedent's estate under two oral agreements. First, plaintiff alleged an oral agreement between testatrix and her that she would leave plaintiff one-fourth of her estate, upon her (plaintiff's) promise to use the income therefrom to support her (plaintiff's) parents during their lifetime. This court, speaking through Chief Justice Frank A. Massey, held that this agreement violated the Statute of Frauds, and further wrote:

> "[T]here is no written instrument which constitutes, refers to, or mentions a contract of any sort, nor can a contract be

created by construction. *The alleged contract would be unenforceable under the State* [(sic)] *of Frauds (which was plead) in any event for lack of a written memorandum, since real property is involved.* (Citing cases.)" *Id.* at 336–367. (Emphasis added.)

In *Manning*, the plaintiff further contended that an oral agreement had been made between defendant and her (who was the sole beneficiary of decedent's will), that the will would be probated, but that she (plaintiff) would receive one-fourth of the testatrix's estate. On this point, this court held that the plaintiff's claim failed because there was no writing to evidence the agreement. *Id.* at 367.

In *Mueller v. Banks*, 300 S.W.2d 762 (Tex. Civ.App.—San Antonio 1957, writ ref'd n. r. e.), the decedent's son brought suit to recover his late father's estate, based upon an alleged oral agreement between his parents and him that all property belonging to the parents at their death would belong to him, in consideration of his working for and with his parents in the grain business. Because the estate consisted of both real and personal property, the San Antonio court of civil appeals held that the alleged agreement violated the Statute of Frauds. The court wrote:

"The law is well settled in this State that *a parol contract* such as this, *involving both real personal property, which is indivisible, is void as to both and cannot be enforced* as to either. . . ." *Id.* at 764. (Emphasis added.)

In *Barrow v. Webb*, 208 S.W.2d 157 (Tex. Civ.App.—Eastland 1948, no writ), plaintiffs entered into an oral agreement with decedent's second wife and defendant (a daughter of decedent's wife by a previous marriage) providing that plaintiffs would not contest the decedent's will, if decedent's widow would leave the property at her death in equal shares to plaintiffs and defendant. When the second wife died, her will left all the property to the defendant. The Eastland court of civil appeals held that plaintiffs could not recover a portion of the property, because the oral agreement violated the Statute of Frauds.

In the case at bar, we hold that the alleged oral family settlement agreement was unenforceable, because it violated the Statute of Frauds. .

■ Since there is a dispute as to whether there was any settlement agreement at all, did this preclude the granting of a summary judgment? Ada does not assert that the alleged family settlement agreement was in written form; rather, she contends that it was an oral agreement. Jackie and Mary, on the other hand, deny the existence of the alleged oral agreement. Accordingly, whether the alleged oral agreement was made in fact is not a material issue of fact, because even if the alleged oral agreement was entered into, it was unenforceable as a matter of law, because it violated the Statute of Frauds. As such, the dispute as to whether there was an agreement made did not preclude the granting of a summary judgment, because that dispute did not involve a material issue of fact.

■ In an attempt to defeat the application of the Statute of Frauds, appellant contends that under the doctrine of partial performance, she has performed all that she was obligated to do under the agreement, which was to move from the family ranch in the interest of harmony Also, she contends that the doctrine of equitable estoppel will take this case out of the operation of the Statute of Frauds. In rejecting these contentions, we note with approval the following language from our supreme court's opinion in *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921),

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the Statute of Frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as

would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. . . . Nor is possession of the premises by the vendee. . . . Each of these three elements is indispensable, and they must all exist."

 Appellant also attempts to defeat the application of the Statute of Frauds through use of the doctrine of promissory estoppel.

Texas has adopted the position that promissory estoppel may not be used to avoid the Statute of Frauds in such a manner as to frustrate the basic policy of the statute. *Cooper Petroleum Co. v. LaGloria Oil and Gas Co.*, 436 S.W.2d 889 (Tex.1969). Recognizing that promissory estoppel may operate in one instance to preclude a defense based on the Statute of Frauds, our supreme court in *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 937 (Tex.1972), quoted with approval the following language from the Restatement, Contracts § 178, comment f:

" 'Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground in the same way that objection to the non-existence of other facts essential for the establishment of a right or a defence (sic) may be precluded. A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precluded proof by the party who made the representation that it was false; *and a promise to make a memorandum, if similarly* [(sic)] *relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud.'* " (Emphasis theirs.)

See Annot., 56 A.L.R.3d 1037 (1974) for an excellent article entitled "Statute of Frauds—Promissory Estoppel".

In the case at bar, it is not alleged that there was ever any agreement to reduce the alleged family settlement agreement to writing. In the absence of such an agreement, the doctrine of promissory estoppel will not defeat the application of the Statute of Frauds in this case.

The alleged family settlement agreement in this case is unusual in that it allegedly was entered into prior to the decedent's death. In her brief, appellant contends that such a pre-death agreement is valid. Since we have not been squarely confronted with this question for decision, we decline to express an opinion thereon at this time.

We overrule all of appellant's points of error; the judgment of the trial court is affirmed.