Clyde E. HAMMONDS, Appellant,

v.

CALHOUN DISTRIBUTING COMPANY, INC., Appellee.

No. 8640.

Court of Civil Appeals of Texas, Texarkana.

April 24, 1979.

Rehearing Denied June 26, 1979.

Wilson F. Walters, Denison, for appellant.

Robert Minshew, Sherman, for appellee.

RAY, Justice.

This is a summary judgment case. Clyde E. Hammonds (Hammonds), appellant (plaintiff), brought suit against appellee (defendant), Calhoun Distributing Company, Inc. (Calhoun), seeking damages for the breach of an oral lease and wrongful eviction. Summary judgment was rendered in favor of Calhoun and Hammonds has perfected his appeal. Appellant submits one point of error for our consideration.

Appellant asserts that the trial court erred in granting the summary judgment because there are fact issues concerning whether or not there was a valid contract and whether or not the eviction was wrongful.

On July 14, 1976, Hammonds purchased the contents of a Mobil service station in Denison, Texas, from T. K. Rainey. The service station was owned by Calhoun. Hammonds states that he had an oral agreement with Calhoun to take over and run the station and to pay Calhoun for the Mobil products furnished, and Calhoun was to pay him a commission of 3¢ per gallon on gasoline. Calhoun refused to enter into any written agreement. Hammonds cleaned up the premises and started operating the station. On August 13, 1976, Hammonds asserts that he was ordered to be out of the station by the following Monday morning.

Hammonds insists by his pleadings that he had an oral agreement beginning on July 14, 1976, which was to continue for the rest of his working life expectancy, that is, for at least seven years. He further states that his services in cleaning up the station were worth $1,575.00, plus $150.00 for the use of his truck to haul away rubbish. Hammonds has sought damages for breach of contract only for lost earnings, clean up costs, punitive damages and attorney's fees. Appellant tendered into court $3,579.80 that had been in his possession which was owed to Calhoun.

Appellee, Calhoun, excepted to Hammonds' pleadings on the ground that the pleadings failed to set out any contract, written or oral, express or implied and answered that attorney's fees are not allowed for breach of contract and that any oral agreement violates the statute of frauds. Calhoun moved for a summary judgment on the grounds that Hammonds' petition failed to state a cause of action and there was no genuine issue of material fact. The summary judgment evidence consists of five depositions.

Hammonds' judicial admissions in his pleadings that he had an oral agreement with Calhoun which he asserts was to be for his working life expectancy of seven years brings the contract within the provisions of the statute of frauds, Tex.Bus. & Comm. Code Ann. Sec. 2.201 and Sec. 26.01. Hammonds' suit is based upon an alleged breach of an oral lease agreement and an oral sales agreement.

## SALES

Although appellant's amended petition places no dollar value on the amount of gasoline sold, it would be undisputed that the sale would have been for more than $500.00 since appellant asserts a commission due him in the sum of $476.22 for one week (at 3¢ per gallon commission).

Tex.Bus. & Comm.Code Sec. 2.201 provides, in pertinent part, the following:

"(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to

indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . ."

Appellant's judicial admissions place his alleged sales agreement within the terms of Sec. 2.201.

## LEASE

██ Tex.Bus. & Comm.Code Sec. 26.01 provides, in pertinent part, the following:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged

. . .

(b) Subsection (a) of this section applies to

. . . . .

(5) a lease of real estate for a term longer than one year;

(6) an agreement which is not to be performed within one year from the date of making the agreement;

. . .

. . . ."

Appellant asserts that a fact question exists as to whether or not there was a valid lease agreement. If there was no contract, appellant could not recover. There can be no recovery under the contract asserted by appellant because recovery is barred by the statute of frauds, Tex. Bus. & Comm.Code Ann. Sec. 2.201 and Sec. 26.01, supra. Whether an oral contract was in fact made is not a material issue of fact which would preclude the entry of a summary judgment since the oral contract alleged by appellant if entered into by the parties was unenforceable as a matter of law because it violated the statute of frauds. *Womack v. Worthington*, 561 S.W.2d 564, 567 (Tex.Civ.App. Fort Worth 1978, writ ref'd n.r.e.).

██ Part performance is an exception to the statute of frauds. Where a *sale* of realty is involved, part performance is a stringent requirement consisting of three essential elements:

1. Payment of consideration;

2. Possession by the vendee of the realty; and

3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced.

*Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921).

The same rule applies to the *lease* of realty. *Darden v. Sullivan*, 374 S.W.2d 942 (Tex.Civ.App. Waco 1964, no writ).

██ The judicial admissions and evidence make it clear that Calhoun has established its defense of the statute of frauds as a matter of law. In such a situation in a summary judgment proceeding the burden is not on Calhoun to negative Hammonds' assertion of part performance. Hammonds is asserting part performance in an effort to avoid the statute of frauds defense which has been established by Calhoun as a matter of law. The burden was therefore upon Hammonds, once Calhoun had established its statute of frauds defense, to show that a material issue of fact existed concerning his plea of part performance. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936 (Tex.1972). Payment of consideration for the oral lease was one of the three essential elements required to avoid the application of the statute of frauds. Hammonds failed to offer summary judgment evidence that he paid consideration for the lease. Further, Hammonds failed to raise a fact issue that he made valuable and permanent improvements upon the land of Calhoun with Calhoun's consent. We therefore hold that Hammonds did not bring himself within an exception to the application of the statute of frauds.

The judgment of the trial court is affirmed.